### State of Vermont v. Stephen M. Powers

[385 A.2d 1067]

No. 78-77

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed April 4, 1978

*John A. Howard,* Orleans County State's Attorney, Newport, for Plaintiff.

*James L. Morse,* Defender General, *Charles S. Martin,*

Appellate Defender, and *Felicia Graham,* Law Clerk (On the Brief), Montpelier, for Defendant.

**Larrow, J.** The facts relevant to disposition of this criminal appeal may be stated briefly. After trial by court, respondent was convicted of taking a wild deer by artificial light, in violation of 10 V.S.A. § 4747. At the time of the alleged offense, respondent was only 18 days over the age of 16; he filed a motion for transfer of the case to juvenile court under 33 V.S.A. § 635, asking for hearing on the merits, which was denied by docket entry and refusal to make findings on the issue. These denials, he claims, constituted abuse of discretion, violated the principles of the applicable juvenile statutes, and deprived him of due process under *Kent* v. *United States,* 383 U.S. 541 (1966), and *In re Gault,* 387 U.S. 1 (1967). He has attained the age of 18 since the conviction.

Unnoticed by counsel and, apparently, by the court itself, is a defect in the record fatal to the judgment below. The complaint alleged the taking of a wild deer by artificial light, in violation of 10 V.S.A. § 4747. Trial was by court, with many stipulations in lieu of direct evidence, and findings of fact were made, with a conclusionary finding that the appellant "took a wild deer in closed season within the meaning of 10 V.S.A. 4747." The judgment order, when eventually entered, followed the form of the complaint.

Even though this error was not raised by the respondent, we deem it grounds for reversal under the rule of "plain" or "egregious" error. V.R.Cr.P. 52(b); *State* v. *Morrill,* 127 Vt. 506, 511, 253 A.2d 142, 145 (1969). We have examined the findings as made, in an effort to ascertain whether, in spite of the recited conclusionary finding, they could be read as finding facts sufficient to bring the cause within the statute cited in the complaint and the judgment. They cannot be so read. In places, they touch upon the elements of taking a wild deer by artificial light, as prohibited by 10 V.S.A. § 4747, but those findings which do so are couched in the terminology that we condemned in *Krupp* v. *Krupp,* 126 Vt. 511, 236 A.2d 653 (1967); they are merely recitals of testimony. So, we are confronted with a respondent charged with one offense, found guilty of another, and adjudged guilty and fined upon the

original charge. For these reasons alone, the conviction below must be vacated.

■■ Since, however, the aspect of unusual gravity that prosecutors seem to assign to fish and game violations indicates a high possibility of another trial, with reconsideration of respondent's motion to transfer to juvenile court, we deem it appropriate to comment upon the assigned errors that were briefed for argument here. Although *Kent* and *Gault, supra,* are not precisely in point, in that they involve a determination for transfer from juvenile court to criminal court rather than the reverse determination here in issue, we think the principles that they express are governing. 33 V.S.A. § 635(b) makes transfer to juvenile court, and subsequent treatment of the offender as a delinquent child rather than as a criminal, discretionary with the trial court. But we think more is involved than judicial whim, and that attainment of the salutary purposes of the juvenile statutes calls for the exercise of sound judicial discretion, as defined in *Russell* v. *Pilger,* 113 Vt. 537, 543–44, 37 A.2d 403, 408 (1944). The determination is a critical one, and literal compliance with the statute is not enough. Adequate findings of fact are required, so that we may determine whether the sound discretion implicitly mandated by the statute was in fact exercised. *In re F. E. B.,* 133 Vt. 463, 346 A.2d 191 (1975); *In re J. M.,* 131 Vt. 604, 608, 313 A.2d 30, 32 (1973). Not only does this make for the convenience of the appellate court, but it serves the more important purpose of evoking care on the part of the trial judge in ascertaining the facts. A hearing, and findings of fact resulting therefrom, must be accorded the respondent on remand, so that the purposes of the statute may be met. And, because of the summary and arbitrary nature of the ruling that denied these rights in the first instance, to avoid any claim of bias or prejudice on rehearing it is advisable that a different judge preside over these hearings on remand. *Isabelle* v. *Proctor Hospital, Inc.,* 132 Vt. 243, 246, 315 A.2d 241, 243 (1974).

We are well aware that the precise terms of the juvenile statutes vary from state to state, and that the decisions of a sister state are not usually "on all fours" with our own statutory requirements. But the general considerations underly-

ing juvenile legislation have substantial similarity, and we subscribe to the following recent pronouncement of the Pennsylvania Supreme Court:

> Although the *Kent* decision and subsection 28(a) involve the "waiver of the original and exclusive jurisdiction of the juvenile court," we believe an adult criminal court, when dealing with a person who might *potentially* qualify for treatment as a juvenile, must follow the same due process requirements. The privileges of juvenile jurisdiction, although not conferred in the first instance, are potentially as important to the youth accused of murder as the youth accused of delinquency. Assuming there are those who would initially be within the jurisdiction of the criminal court and who would be deserving of transfer, the only way to insure that such juveniles are not *arbitrarily* denied access to juvenile treatment is to insist that they be given the same procedural rights.

*Commonwealth* v. *Pyle*, 462 Pa. 613, 621, 342 A.2d 101, 106 (1975).

There are two possible outcomes on remand. A determination that transfer to juvenile court should have been accorded in the first instance can only result in dismissal of the charges; now that the respondent has passed eighteen, the rights he should have had cannot be given him. A contrary determination will mean retrial, should the state be so advised.

*Judgment reversed and cause remanded.*