### In re Merrill Waite

[443 A.2d 462]

No. 345-81

Present: Barney, C.J., Billings, Hill and Underwood, JJ., and Larrow, J. (Ret.), Specially Assigned

Opinion Filed February 2, 1982

*Andrew B. Crane,* Defender General, and *William A. Nelson,* Appellate Defender, Montpelier, for Petitioner.

*John J. Easton, Jr.,* Attorney General, and *Susan R. Harritt* and *Edwin L. Hobson, Jr.,* Assistant Attorneys General, Montpelier, for Respondent.

**Per Curiam.** The petitioner sought post-conviction relief below, which was denied. There is but one issue, which is best stated in conjunction with a recitation of the undisputed facts.

The petitioner, having pled guilty to a probation violation, brought a proceeding below seeking immediate release on grounds not now pertinent. At the hearing before the superior court the parties reached an agreement under which the State stipulated to a reduction of sentence with a substantial portion suspended. It was agreed that this agreement would be embodied in a motion before the district court for reconsideration of sentence under 13 V.S.A. § 7042. The proceeding in superior court was thereupon dismissed.

A hearing was scheduled in district court on the motion to reconsider sentence. On arrival, the petitioner's counsel was informed by the clerk that the stipulation was acceptable to the judge and no hearing would be necessary. The state's attorney's office was informed by telephone to like effect. The petitioner's probation officer, upon hearing of the proposed reduction in sentence, appeared and made known to the court his opposition to the stipulated modification. The court then brought the matter on for hearing, over the objection of the petitioner, and heard testimony from all concerned relative to the motion which it then took under advisement. The next day an order was issued denying the motion for reconsideration of sentence.

Thereupon, a new post-conviction relief petition was brought and heard, based on the recited circumstances. It is the denial of that petition that is before us.

The superior court found the facts already recited. It also determined that the judge's signature had been put on the stipulation and then erased or blotted out. The court also determined that no order issued, oral or written, incorporating the terms of the stipulation, nor was the stipulation ever filed by the clerk or any approval of it by the judge docketed. It was on the basis of these determinations that the petition was dismissed on the ground brought here.

The issue is settled by V.R.Cr.P. 32(b):

> A judgment of conviction shall set forth the plea, the verdict or findings, and the adjudication and sentence or conditions of deferment thereof. If the defendant is found not guilty or for any other reason is entitled to be discharged, judgment shall be entered accordingly. The judgment shall be signed by the judge, and entered by the clerk forthwith. Such entry by the clerk shall be the entry of judgment for all purposes under these Rules and the Rules of Appellate Procedure.

Strong policy reasons support the requirement of formal entry to validate and bring into being an effective judgment. Every intendment of the law directs itself at the fullest sort of consideration before a decision matures into an operative act. Even after that occurs there is an undoubted right in the tribunal to alter an entry so that it reflects the intended action of the court. *West* v. *West,* 131 Vt. 621, 623, 312 A.2d 920, 921 (1973). That the legislature concurs that such care be taken in sentencing cannot be doubted since it has, by statute, provided for reconsideration. 13 V.S.A. § 7042.

The position advanced by the petitioner would leave the court and parties open to a circumstance akin to entrapment and require enforcement of an ill-conceived and unintended judgment. This is unacceptable. The result reached below was sound in law.

*Judgment affirmed.*