## State of Vermont v. Christopher G. Smail

[560 A.2d 955]

No. 87-574

Present: Allen, C.J., Peck, Gibson and Dooley, JJ., and Barney, C.J. (Ret.), Specially Assigned

Opinion Filed April 7, 1989

*Kevin G. Bradley, Chittenden County State's Attorney*, and *Robert Andres, Deputy State's Attorney*, Burlington, for Plaintiff-Appellee.

*Martin and Paolini*, Barre, for Defendant-Appellant.

**Allen, C.J.** Defendant appeals from a denial of his motion to transfer criminal cases charging accessory to burglary (13 V.S.A. § 3), arson (13 V.S.A. § 504), and grand larceny (13 V.S.A. § 2501) against him from district to juvenile court. We affirm.

On the date of the motion before the district court, defendant was 16 years old and eligible to move for transfer to juvenile court pursuant to 33 V.S.A. § 635(b), which provides in pertinent part:

> (b) If it appears to any court of this state in a criminal proceeding that the defendant was over the age of sixteen years and under the age of eighteen years at the time the offense charged was alleged to have been committed, . . . that court may forthwith transfer the proceeding to the juvenile court under the authority of this chapter . . . .

Defendant, in support of his motion, urged the trial court to consider that the crime was one against property rather than persons, that he was employed and living with his father, that he was "impressed by the proceedings," and that he would benefit more from the juvenile process than from treatment as an adult. After a hearing, the court denied the motion, and defendant appealed

under V.R.A.P. 3, on the authority of *State* v. *Lafayette,* 148 Vt. 288, 532 A.2d 560 (1987).

It is well settled that motions under § 635 are discretionary and will be reviewed on a case-by-case basis. *State* v. *Willis,* 145 Vt. 459, 465, 494 A.2d 108, 111 (1985); *State* v. *Jacobs,* 144 Vt. 70, 74-75, 472 A.2d 1247, 1249-50 (1984). Defendant argues that the court abused its discretion in the present case because it conditioned the transfer to juvenile court on defendant's willingness to waive his right to maintain his innocence and on his agreement to provide restitution. Had the trial court denied his motion for those reasons, we would share his concern. While defendant had no absolute right to a transfer, he had the right to have the court consider his motion without surrendering the presumption of innocence or any other right guaranteed by due process principles. See *State* v. *Powers,* 136 Vt. 167, 169-70, 385 A.2d 1067, 1068 (1978). But the record does not support his argument. The matter of confession and restitution was first raised by defense counsel, who expressed the view that juvenile treatment would provide:

> a sufficient period of time for him to be worked with in a way that it would make a difference for the community and would make a difference in his life. Also it might make a difference for the alleged victim here. He's employed. He's employed on a full time basis.

When asked by the court whether she was talking about defendant's admitting guilt and making restitution, counsel said she had "talked just briefly with the State about that" and added:

> There's no plea agreement, no. What I'm saying is, if it were transferred to juvenile and he were adjudicated delinquent, that this young man is in a better position to satisfy those things than I would say nine out of ten, if not more, of the young people than I represent in juvenile court . . . .

The court then denied the motion, explaining the decision in terms of defendant's age, the seriousness of the offenses charged, and his employment and emancipation. Thereafter, in response to the State's concern about the possible extension of juvenile court jurisdiction to age 21 should transfer be ordered, the court responded:

Well, okay, that could be done. Let me put it this way, the Court would be more inclined to grant something of this sort if it turns out that the boy was willing to accept his responsibility for what occurred, *assuming that he's responsible* and that arrangements were made to make restitution to the people who suffered the injury as a result of the damages that occurred. But I see nothing that [was presented here] to indicate that that is something that's in the cards.

(Emphasis added.)

In the context of the earlier comment by defense counsel, the trial court was saying nothing more than counsel herself had said — that a plea agreement might have been acceptable to the court, if such agreement had been reached. The court's prompt and clear reiteration of its grounds for denying the motion after its brief comment on the plea bargain alternative made it clear that the court did not deny the motion *because* defendant and the State failed to reach a plea agreement, even though such an agreement might have resulted in a different outcome on the transfer motion.

Defendant next argues that the trial court's finding were not supported by the evidence and were not adequately explained by the trial court, as required by *State* v. *Powers, supra*, especially the findings that defendant was emancipated and that the crime was a serious one. In *Powers* this Court stated that a defendant seeking transfer to juvenile court was entitled to a hearing and findings of fact, neither of which had been accorded the defendant in that case, unlike the matter before us now. 136 Vt. at 169, 385 A.2d at 1068. Defendant's argument on emancipation, in fact, relies on evidence adduced at the hearing that he was living with his father's family and was amenable to household regulations. Defendant argues that his father's testimony compelled finding that defendant was not emancipated and would return to school, and that the court's findings to the contrary on these issues were unsupported by the evidence. But the father's testimony was consistent with the court's finding that defendant was "pretty much emancipated," and his testimony regarding his son's plans to return to school reflected more hope than certainty.

Defendant attacks the court's findings on the seriousness of the offense as failing to meet the standards for waiver of juvenile court jurisdiction set forth in *Kent* v. *United States,* 383 U.S.

541, 566-67 (1966). In *State* v. *Willis,* 145 Vt. at 468, 494 A.2d at 113, we declined to mandate the *Kent* standards, although we stated that it was permissible to apply them.

While the court did not comment extensively on the issue of seriousness, it made clear that it relied on the "severe property damage" connected with the burning of the car and the court's view that defendant, in connection with both incidents, "show[ed] a lot of contempt" for the victims of his actions. While there is room to debate the seriousness of two offenses of the nature described, we cannot say that the trial judge abused his discretion in concluding that the accessory to burglary, arson, and grand larceny charges met the requisite level of seriousness to warrant treatment as an adult, especially when considered together with the court's findings on emancipation.

We have said before that " '[a]ny discretionary ruling is not subject to revision here unless it clearly and affirmatively appears that such discretion has been abused or withheld.' " *State* v. *Picknell,* 142 Vt. 215, 230, 454 A.2d 711, 718 (1982) (citations omitted). Measured by that standard, the decision of the trial court should not be disturbed.

*Affirmed.*