**STATE of Vermont v. Raynel E. BREAULT**

[649 A.2d 515]

No. 94-149

September 6, 1994.

At a status conference held on January 24, 1994, defendant's counsel announced her intention to file a motion to transfer the matter to juvenile court. The state's attorney indicated to the court that he would oppose the transfer motion. The court gave defendant seven days to file the motion and ordered the State to file a written opposition after receipt of relevant information from defendant.

On January 31, defendant's attorney filed the motion to transfer. The State did not respond to the motion. On February 14, the court granted defendant's motion to transfer the case to juvenile court, noting that the "State apparently [has] no objections." Later that day, the State filed a motion to reconsider the transfer, stating it did object to the transfer.

On February 16, a status conference was held to discuss the State's motion to reconsider. At this conference the court indicated it had transferred the matter to juvenile court on the misunderstanding that the State did not oppose the motion to transfer. The court stated that the State would be given an opportunity to oppose the transfer motion and specifically stated that it was "not going to default" the State.

Nevertheless, on February 22, the court denied the State's motion to reconsider. The court ruled that when it transferred the case to juvenile court it had divested itself of jurisdiction and therefore no longer had authority to reconsider. The court did acknowledge, however, that the transfer was based upon its misunderstanding and stated that the transfer "should never have occurred by default."

On February 28, the State moved in the trial court for permission to appeal. The court construed the motion to be an appeal of the transfer order and ruled it was time barred. This Court granted the State's motion to appeal on March 25, and proceedings in juvenile court have been stayed pending resolution of this appeal. The State argues that (1) its appeal is not

time barred; (2) the court had the authority to reconsider the transfer to juvenile court; (3) the court failed to exercise discretion required in transfer motions; and (4) a different judge should preside on remand. We reverse and remand for reconsideration of the transfer motion.

The appeal is not time barred. In light of the court's representations to the parties at the February 16 status conference, the appeal period had not yet begun to run. That is, on the basis of the court's representations, it would be unreasonable to now fault the State for failing to appeal the February 11 transfer order prior to the court's denial of the motion to reconsider. We find that the appeal period did not begin to run until the February 22 denial of the State's motion to reconsider. The State filed a motion to appeal the February 22 decision on February 28, within the seven-day time frame allowed under V.R.A.P. 5(b)(1).

The court had the authority to reconsider the transfer of the matter to juvenile court. The transfer was based upon a mistaken assumption that the State did not oppose it. In *State v. Duval*, 156 Vt. 122, 589 A.2d 321 (1991), the trial court refused to honor a "no incarceration" decision made at the defendant's arraignment when it became aware of recent, undisclosed DUI convictions. We held that the court was properly exercising its inherent authority to correct mistakes caused by incomplete information, and the court was correct in treating the case as it should have from the outset. *Id.* at 128, 589 A.2d at 325. Strong policy reasons support the trial court's authority to correct this type of mistake. It prevents enforcement of unintended judgments and eliminates the necessity of appeal when this type of mistake occurs. See *In re Waite*, 140 Vt. 628, 630, 443 A.2d 462, 463 (1982) (enforcement of unintended judgment is unacceptable). Here, the trial court should simply have corrected the mistaken transfer by retaining jurisdiction when it realized the transfer had been based on a misunderstanding and then treating the case as it would have had the mistaken transfer not occurred.

The court did not exercise the discretion required in transfer motions when it failed to conduct a hearing and issue appropriate findings of fact. See *State v. Powers*, 136 Vt. 167, 169, 385 A.2d 1067, 1068 (1978) (sound judicial discretion required when transferring cases to juvenile court). The trial court exercised no discretion here. See *State v. Willis*, 145 Vt. 459, 467-68, 494 A.2d 108, 112 (1985) (failure to exercise discretion, when called for, constitutes an abuse of discretion).

Finally, the State argues that, on remand, a different judge should preside to avoid any possibility of prejudice. Contrary rulings alone, no matter how numerous or erroneous, are not sufficient to show prejudice to justify disqualification. *Ball v. Melsur Corp.*, 161 Vt. 35, 45, 633 A.2d 705, 713 (1993). The State must show that the circumstances are such that a "'perfectly honest and competent judge would in fact be unable to afford a litigant such an absolutely impartial trial as the law intends and requires.'" *Leonard v. Willcox*, 101 Vt. 195, 216, 142 A. 762, 771 (1928) (quoting *Powers v. Commonwealth*, 70 S.W. 644, 651 (Ky. 1902)). The State has made no such showing to support its request to disqualify Judge Fisher.

*Reversed and remanded.*