2008 VT 56

## SUNSET CLIFF HOMEOWNERS ASSOCIATION v. CITY OF BURLINGTON and Keystone Development Corp.

[955 A.2d 524]

No. 06-548

---

¶ 1. May 1, 2008. Developer Keystone Development Corporation appeals on procedural grounds from a preliminary injunction prohibiting it from engaging in development activities which was granted by the Environmental Court on application of Sunset Cliff Homeowners Association. We affirm.

¶ 2. The procedural history of this case is as follows. Developer seeks to develop an approximately forty-acre plot of land located in the City of Burlington. Developer filed its first applications for zoning and subdivision permits to construct a planned residential development of 148 units on a 40.9-acre parcel located off Sunset Cliff Road in Burlington in March 2000. The City's Development Review Board granted developer's applications. The Association then appealed the Board's decision to the Environmental Court. *In re Sunset Cliff, Inc.*, Docket No. 26-2-01 Vtec (Apr. 18, 2003). In April 2003, in a de novo appeal, the court denied developer's applications in part because it concluded that developer's tree-retention plan was inadequate under the City's subdivision regulations.

¶ 3. Notwithstanding that denial, developer allegedly cleared a one-half-acre section of the property in a place where the proposed development site plans had located a storm-water-attenuation pond. Association members discovered that the trees had been cut and immediately filed a motion with the Environmental Court to enforce the 2003 order and to enjoin development until permits were issued. The Environmental Court issued an injunction, but subsequently granted developer's motion to dissolve the injunction, staying dissolution for a week. During that week, the Association initiated an action in the Environmental Court seeking: (1) a writ of mandamus against the City to enforce the 2003 order and to seek to enjoin developer; and (2) an injunction against developer. At week's end, the City

agreed to the mandamus, and commenced an enforcement action against developer. *City of Burlington v. Keystone Dev. Corp.*, Docket No. 153-8-04 Vtec (Sept. 3, 2004). The Environmental Court issued a permanent injunction against developer in October 2004, enjoining developer from cutting any trees or doing other development work on the 40.9-acre parcel of land unless and until there was final approval of all necessary City of Burlington permits. The Association was not a party to that action. Developer appealed the injunction to this Court.

¶ 4. While that appeal was pending, the City and developer executed a stipulation purporting to dissolve the Environmental Court's injunction and dismiss the case without prejudice. The City forwarded the stipulation to this Court for consideration in regards to the pending appeal. Below the parties' signatures at the end of the stipulation, which was entitled "STIPULATION AND ORDER," were the words "SO ORDERED" immediately followed by a signature line for "Vermont Supreme Court." (Emphasis omitted.) In August 2005, we dismissed developer's appeal in a separate, one-line entry order, but did not sign the parties' so-called "STIPULATION AND ORDER." (Emphasis omitted.) In the entry order dismissing the appeal, we ruled: "In accordance with the parties' stipulation, filed on August 22, 2005, the appeal is dismissed."

¶ 5. In March 2006, developer's second application to build the 148-unit project was denied by the Board in part because it concluded that developer's tree-retention plan was still inadequate under the City's subdivision regulations. Subsequently, developer withdrew all permit applications not affected by the March 2006 denial, and announced its intention to engage in cutting trees, clearing land and performing ditch work on the theory that it could no longer be regulated because it was not then seeking any permits. The Association filed this action in the Environmental Court seeking an injunction to prevent developer from engaging in these activities and an order of mandamus requiring the City to take steps to prevent the cutting, clearing, and ditch work. The Environmental Court issued a preliminary injunction in September 2006, and we granted developer permission to file this interlocutory appeal.

¶ 6. On appeal, developer argues that: (1) this Court dissolved the Environmental Court's 2004 injunction by referring to the stipulation between the City and developer in its entry order dismissing developer's first appeal; (2) the Environmental Court did not have jurisdiction under 24 V.S.A. § 4470(b) to issue the 2006 preliminary injunction because it was requested by the Association, a private party; and (3) because the Association failed to exhaust its administrative remedies under 24 V.S.A. §§ 4465 and 4472 before seeking the 2006 preliminary injunction in the Environmental Court, the 2006 injunction may not stand. We address each of developer's arguments in turn.

¶ 7. As for developer's first claim, we neither signed nor adopted the parties' stipulation in our entry order dismissing developer's first interlocutory appeal — we simply dismissed the appeal.[1] Developer's sole argument, unsupported by any citation to authority, is that the language "[i]n accordance with the parties' stipulation" operated as an adoption of the terms of the parties' stipulation, including the term purporting to dissolve the injunction. Developer's reading of our entry order is incorrect. When the parties enter into a stipulation purporting to resolve the merits of a dispute, an appellate court's role in the case is extinguished. It

_____

[1] We need not address developer's argument that we lacked the power to adopt the parties' stipulation.

was the existence of the stipulation and not the terms therein with which our entry order was "in accordance." Cf. *Denehy v. St. John's Queens Hosp.*, 495 N.Y.S.2d 431, 432 (App. Div. 1985) (mem.) ("[D]ismissal of an appeal pursuant to a stipulation of discontinuance of said appeal does not constitute a voluntary discontinuance of the underlying action.").

¶ 8. Our dismissal of developer's first interlocutory appeal restored the parties to the position they were in before the appeal was filed. That is to say, our dismissal of the appeal merely removed any challenge to the 2004 injunction, leaving it in place. Once we dismissed the appeal, jurisdiction over the case returned to the Environmental Court, which then became the sole tribunal through which the parties could seek to imbue their stipulation with the force of law. See *Career Serv. Review Bd. v. Utah Dep't of Corr.*, 942 P.2d 933, 944 (Utah 1997) (reciting general rule that "when an appeal is taken from the decision of a trial court, the dismissal of that appeal results in the return of the matter to the jurisdiction of the trial court as if no appeal had ever been taken"). Trial courts are well equipped to alter or dissolve injunctions with or without the consent of the parties. See V.R.C.P. 41 (providing for voluntary and involuntary dismissal of actions); *Dudley v. Snyder*, 140 Vt. 129, 131, 436 A.2d 763, 764 (1981) (upon a motion to revise an interlocutory order, it is within the plenary power of the court contained in V.R.C.P. 54(b) to afford such relief as justice requires); *Brown v. Tatro*, 136 Vt. 409, 411, 392 A.2d 380, 382 (1978) (same); *Alma Realty Co. v. Sugarbush Valley Corp.*, 136 Vt. 406, 408, 392 A.2d 379, 380 (1978) (filing stipulation of dismissal with superior court pursuant to V.R.C.P. 41(a) had force and effect of a final judgment without further order of court).

¶ 9. The Environmental Court did not issue an order dissolving its 2004 injunction. The court therefore correctly concluded that the 2004 injunction remained in full force and effect. See *In re Waite*, 140 Vt. 628, 630, 443 A.2d 462, 463 (1982) ("Strong policy reasons support the requirement of formal entry to validate and bring into being an effective judgment.").

¶ 10. We turn now to developer's argument that the Environmental Court lacked jurisdiction to issue the September 2006 preliminary injunction. By statute, the Environmental Court is required to enforce the decisions of municipal panels "upon petition, complaint or appeal or other means . . . by such municipality or any interested person by means of mandamus, injunction, process of contempt, or otherwise." 24 V.S.A. § 4470(b). Developer does not dispute that the Association is such an "interested person." See 24 V.S.A. § 4465(b) (defining "interested person"). Rather, developer argues that, at the time the Association sought the 2006 preliminary injunction, no municipal-panel decisions existed for the Association to enforce. Essentially, developer claims that interested persons may enforce municipal-panel decisions only by direct appeal, and that the Association failed to proceed as such.

¶ 11. Developer's argument has no merit. Section 4470(b) entitles interested persons to relief — including relief in the form of mandamus and injunction — "upon petition, complaint *or* appeal." (emphasis added). Developer's interpretation of § 4470(b) disregards the words "petition" and "complaint" and thus wrongly arrives at the conclusion that relief is available only upon appeal. The record reveals a number of decisions from both the Board and the Environmental Court pursuant to which developer was prohibited from undertaking development activities. At least one of these decisions — the Board's March 2006 denial of devel-

oper's permit application — was enforceable by the Association under § 4470(b).[2]

¶ 12. Finally, we address developer's contention that the Association failed to exhaust its administrative remedies under 24 V.S.A. §§ 4465 and 4472. Developer's reliance on these statutes is misplaced, however, because this is not an action to *contest* a local zoning decision. See *id.* § 4465 (setting forth procedure for appealing decisions of administrative officers to municipal panels); *id.* § 4471 (setting forth procedure for appealing decisions of municipal panels to the Environmental Court); *id.* § 4472 (providing that §§ 4465 and 4471 contain the exclusive remedies for interested persons seeking to contest administrative-officer, municipal-panel or Environmental-Court decisions). The relief the Association seeks — the *enforcement* of a municipal-panel decision — is governed not by §§ 4465, 4471, and 4472, but by § 4470(b), which, as noted, authorizes this suit in the absence of a direct appeal. Section 4470(b) clearly entitles the Association to pursue the relief it seeks in the manner in which it has done so.

*Affirmed.*

---

[2] We are cognizant of developer's argument, articulated at the preliminary-injunction hearing, that it intended to engage in tree cutting, land clearing and ditch work for agricultural and silvicultural purposes, and to develop the land. Developer correctly notes that under 24 V.S.A. § 4413(d) municipalities may not regulate accepted agricultural and silvicultural practices. However, when it issued the preliminary injunction, the Environmental Court found that "[t]here was insufficient evidence introduced at the preliminary hearing for the [c]ourt to conclude at this time that the proposed tree cutting and ditching is for agricultural or silvicultural purposes." Moreover, prior to the preliminary-injunction hearing, Burlington's zoning administrator issued a written determination that some of developer's proposed activities required a permit. Developer appears not to have appealed that determination to the Board. This is a factual dispute the Environmental Court will resolve as the litigation progresses. The Board's denial of developer's permit application is a "decision" for purposes of § 4470(b) because there is a factual dispute as to whether developer is engaging in the very conduct the Board prohibited when it denied developer's application.