Environmental Court of Vermont
State of Vermont

========================================================================

### E N T R Y   R E G A R D I N G   M O T I O N

========================================================================

Sunset Cliff Homeowners Assoc., Inc. v. The City of Burlington and Keystone
Dev. Corp.                                                Docket No. 198-8-06 Vtec

Title:     Keystone Development Corporation's Motion to Dismiss and For
           Declaratory Judgment under the Federal Civil Rights Act and
           Sunset Cliff Homeowners Association, Inc.'s Request for Permanent
           Injunction

 X  Granted (as to Plaintiff's request for Permanent Injunction)

 X  Denied (as to Defendant's Motion to Dismiss and for Declaratory Judgment)

Plaintiff Sunset Cliff Homeowners Association ("Sunset Cliff")
initiated this action to obtain preliminary and permanent injunctions against
Defendant Keystone Development Corporation ("Keystone"). This Court issued
the requested preliminary injunction on September 1, 2006. Keystone
thereafter sought and obtained permission to pursue an interlocutory appeal
before the Vermont Supreme Court, which affirmed this Court's issuance of the
preliminary injunction. See Sunset Cliff Homeowners Ass'n v. City of
Burlington, 2008 VT 56, ¶ 1 (mem.). The legal issue that remains before us
after Keystone's unsuccessful interlocutory appeal is Sunset Cliff's request
for a permanent injunction. The parties have stipulated that the Court may
address the propriety of issuing a permanent injunction without a further
evidentiary hearing. See Notification Regarding Results of Party
Discussions, filed July 20, 2009.

Sunset Cliff has filed a draft Permanent Injunction Order in support of
its pending request (filed on June 11, 2009). The permanent injunction, if
ordered as Sunset Cliff requests, would prevent Keystone from conducting any
pre-development activities on its 40.9± acre parcel on Appletree Terrace in
the City of Burlington without first obtaining the necessary permits required
under the City of Burlington Zoning Ordinance. The City of Burlington
("City"), initially named as a defendant in these proceedings for mandamus
purposes, does not object to the requested permanent injunction.

Keystone presents two legal issues in its pending motion: first,
Keystone seeks dismissal of Sunset Cliff's permanent injunction request by
asserting that it has been rendered moot by the Supreme Court's determination
in a related, but separate matter. Second, Keystone requests that within
this private zoning enforcement proceeding, the Court render a declaratory
ruling that a permanent injunction, if issued, would violate its procedural
and substantive due process rights, as codified under 42 U.S.C. § 1983.

We address the permanent injunction request, the motion to dismiss, and
the request for declaratory judgment in turn. For the sole purpose of
putting the pending motion and requests into context, we first briefly review
the following case history.

In August of 2006, Keystone notified the City of Burlington Zoning
Administrator by letter/email that it intended to perform ditch-digging and
tree-cutting work on the parcel in question under the guise of performing

agricultural and silvicultural work on the property. The Zoning Administrator responded and informed Keystone that it must first submit a zoning permit application, detailing the intended work that Keystone sought to conduct. Keystone provided an outline of the work it intended to conduct, but refused to submit a zoning application; Keystone asserted that the work it intended to perform was agricultural and silvicultural in nature and did not require a zoning permit under the then-existing zoning ordinance. In response to Keystone's assertions, Sunset Cliff filed this enforcement action. Sunset Cliff named the City as a party defendant, requesting that the Court also direct the City to initiate enforcement proceedings against Keystone. Prior to such an order being issued, the City began separate enforcement proceedings by issuing a Notice of Determination to Keystone that its planned activities constituted pre-development work and required a zoning permit. Keystone filed a timely appeal of that determination with this Court. See In re Keystone Dev. Corp. (NOD Appeal), No. 62-3-07 Vtec. After a merits hearing, this Court affirmed the validity of the NOD; that determination was left undisturbed when the Vermont Supreme Court dismissed Keystone's subsequent appeal, because the Court deemed the appeal moot. See In re Keystone Dev. Corp. (NOD Appeal), 2009 VT 13 ¶ 7 (mem.) ("Any opinion concerning the application of the no-longer-operative zoning ordinance would not resolve a live controversy, and would therefore exceed our jurisdiction." (citing Houston v. Town of Waitsfield, 2007 VT 135, ¶ 5, 183 Vt. 543 (mem.))).

Keystone first argues in its pending motion that the Vermont Supreme Court in the NOD appeal proceedings (appeal of Docket No. 62-3-07 Vtec) leaves this Court without the necessary jurisdiction to issue a permanent injunction in these private zoning enforcement proceedings (Docket No. 198-8-06 Vtec). Keystone supports its claim by arguing that the Supreme Court's holding did not affirm the Zoning Administrator's decision that the specific activities Keystone intended to conduct on its property required zoning permits, but rather, merely purported that due to the 2008 amendment to the Burlington Zoning Ordinance there was not a justiciable issue before the Court and therefore that appeal was moot. Keystone appears to infer that the Supreme Court "rendered moot" the NOD proceedings. We believe Keystone is inaccurate in this regard and decline to adopt its reasoning.

We find no support for the assertion that the Supreme Court determination that Keystone's appeal was moot somehow disturbed the NOD that its planned activities required a permit. The Vermont Supreme Court expressly limited its analysis to the legal sufficiency of Keystone's appeal; it spoke only to the issue of whether Keystone had a vested right. The Supreme Court held as follows:

> We conclude . . . that Keystone does not have a vested right to the application of the pre-amendment zoning ordinance to its request to perform tree-cutting and ditch-digging work [without a permit]. Having so concluded, it takes no prolonged analysis to conclude that this appeal is moot. Any opinion concerning the application of the no-longer-operative zoning ordinance would not resolve a live controversy, and would therefore exceed our jurisdiction. Similarly, because no zoning permit application has been filed under the 2008 zoning ordinance, any ruling on that ordinance's application to such a permit request would be a mere advisory opinion, which we lack the authority to render.

In re Keystone Dev. Corp., 2009 VT 13, ¶ 7 (mem.) (citations omitted). As a result of the Supreme Court's narrow holding, we can only conclude that the

NOD was left undisturbed. The question before us now, which presents a continuing and actual case-in-controversy, is whether, given the facts presented, Keystone should be permanently enjoined from conducting pre-development work that would require a permit, without first obtaining that permit. We conclude that, given the facts presented, the requested injunction should issue.

Keystone represents that it does not have any plans to conduct development work on the property and that a permanent injunction is therefore unnecessary. We applaud Keystone's pledge to abide by the applicable zoning regulations. However, due to its history of actual or threatened non-compliance with applicable zoning laws, which have already supported the propriety of our issuance of the pending Preliminary Injunction, we conclude that the requested permanent injunction is warranted as well.

The propriety of a permanent injunction is also supported by the procedural history of this long-running land use dispute. In a previous Docket, this Court issued a similar preliminary injunction against Keystone. See *City of Burlington v. Keystone Dev. Corp.*, Docket No. 153-8-04 Vtec. The Preliminary Injunction in that Docket was issued against Keystone's planned development activities on September 3, 2004 and remains undisturbed to this day. Regardless, Keystone asserted that the 2004 Preliminary Injunction was dismissed by the Supreme Court, when in fact the Supreme Court dismissed Keystone's appeal, not the underlying Injunction. See *Sunset Cliff Homeowners Ass'n v. City of Burlington*, 2008 VT 56 ¶ 8 (mem.).

Keystone's past actions provide further support for the issuance of the requested injunction. First, even after its development permit was denied, Keystone began clearing a portion of its land, thereby necessitating the issuance of the 2004 Injunction. *Id.* at ¶ 8. Second, even with the 2004 Injunction in place, and a specific directive from the City of Burlington Zoning Administrator in August of 2006, Keystone continued to assert its intention to conduct tree-cutting and ditch-digging without a permit. These actions reinforce the need for a clear directive that activities that constitute, or are in preparation for, development must first be subject to zoning permit application proceedings.

To avoid a similar situation of non-compliance and enforcement litigation, the requested permanent injunction will serve to clarify Keystone's legal responsibility to seek formal permit approval before it conducts such work. Although Keystone argues that it does not have any current plans to conduct development work on the property, a permanent injunction in this instance will ensure that there is no future uncertainty on behalf of Keystone that it must seek permit approval before conducting development work of any kind on its 40.9± acre parcel.

Under the circumstances outlined above, we find it necessary to include in our analysis Keystone's previous misunderstanding of the 2004 Preliminary Injunction and, as the record reflects, Keystone's propensity to conduct development work without a permit. For these reasons, we find it necessary to reject Keystone's Motion to Dismiss and grant Sunset Cliff's request for a permanent injunction.

Keystone also requests that this Court enter a declaratory judgment that a permanent injunction would violate both its procedural and substantive due process rights pursuant to the Federal Civil Rights Act, codified in 42 U.S.C. § 1983. Keystone claims that it has not had an opportunity to argue that no permit is required for the particular development work and uses that

Keystone may engage in on its property. We reject this argument because the record reflects that Keystone has had ample opportunity to argue that no permit is required for the development work it has sought to conduct.

The Burlington Zoning Administrator, in response to Keystone's notice that it intended to conduct tree-cutting and ditch-digging work under the auspices of agricultural and silvicultural development, issued a written determination on August 11, 2006, that the work that Keystone intended to conduct required a zoning permit. Keystone exercised its right to appeal that determination and when it felt aggrieved by the determination rendered by the City of Burlington Development Review Board and this Court, it filed subsequent appeals. After full presentations by Keystone and other interested persons, each tribunal concluded that Keystone's assertion of permit exemption lacked merit. Keystone's appeal to the Supreme Court resulted in that Court concluding that Keystone had failed to secure a vested right to assert its position of permit exemption. *In re Keystone Dev. Corp.*, 2009 VT 13, ¶ 7 (mem.). With this procedural record, we find no support for Keystone's assertion that its substantive or procedural rights have been violated.*

We also note that the requested injunction would not prevent Keystone from developing or working on its property once a permit is sought and granted by the appropriate municipal panel. Keystone is not prohibited from applying for zoning applications under the applicable zoning provisions, nor will it prevent Keystone from commencing a legal challenge that some future planned activity requires a zoning permit. Keystone's assertion that it has been deprived of due process is without merit.

For all these reasons, we conclude that Keystone's motion to dismiss should be DENIED and Sunset Cliff's request for a permanent injunction should be GRANTED. The requested Permanent Injunction accompanies this Entry Order.

This completes the current proceedings before this Court in this Docket.

_____          March 31, 2010
   Thomas S. Durkin, Judge                        Date

==========================================================================

Date copies sent to: 4/1/10          Clerk's Initials ___

Copies sent to:

Attorney John L. Franco, Jr., for Defendant Keystone Dev. Corp.

Attorneys Robert B. Hemley and Ross A. Feldmann for Plaintiff Sunset Cliff Homeowners Assoc., Inc.

Attorney Kimberlee J. Sturtevant for Defendant City of Burlington

---

* Keystone provides no citation to the authority of this Court to render declaratory rulings, be they in separate proceedings or within the context of an enforcement proceeding. We address Keystone's due process arguments solely in the manner of objections to the requested permanent injunction.