# STATE OF VERMONT

SUPERIOR COURT                                    ENVIRONMENTAL DIVISION
Vermont Unit                                        Docket No. 48-4-12 Vtec
                                                   Docket No. 183-12-12 Vtec

| In re Sanfacon NOV & Sanfacon CU Permit |
|---|

## ENTRY REGARDING MOTION

Title:          Motion to Enforce Stipulation (Motion 2)
Filer:          William D. Pollock
Attorney:       Paul S. Gillies
Filed Date:     April 13, 2015

Response filed on 04/13/2015 by Attorney Stephen L. Cusick for Appellee Phyllis Sanfacon

Title:          Motion to Dismiss Motion to Enforce (Motion 3)
Filer:          John M. Sanfacon
Attorney:       Stephen L. Cusick
Filed Date:     April 13, 2015

Response filed in Opposition on 04/22/2015 with corrected version on 05/04/2015 by Attorney Paul S. Gillies for Interested Person William D. Pollock

**The motion to dismiss is DENIED.**
**The Clerk shall schedule a MOTION HEARING on the motion to enforce.**


The parties, John and Phyllis Sanfacon (the Sanfacons) and Appellant William Pollock, are neighboring landowners who had a dispute concerning the Sanfacons' use of their property for storage. On October 11, 2013, the parties resolved the matters in Docket Numbers 48-4-12 Vtec and 183-12-12 Vtec by stipulation that became a Judgment Order in this case and served as a conditional use permit for the Sanfacons' property (the Agreement). Now pending before the Court are motions filed by Mr. Pollack and the Sanfacons. Mr. Pollock moves to enforce the Agreement, while the Sanfacons move to dismiss Mr. Pollock's motion to enforce the Agreement.

The Sanfacons argue that this Court is without jurisdiction over Mr. Pollock's motion because he failed to exhaust his administrative remedies. Mr. Pollock's motion to enforce follows a letter to the Town of East Montpelier Zoning Administrator (ZA) dated September 9, 2014, requesting that the Town enforce the Agreement based upon allegations that the Sanfacons had failed to comply with the terms of the Agreement. In response, the Town

1

Selectboard declined to initiate enforcement proceedings because the Selectboard determined that the Sanfacons had substantially complied with the terms of the Agreement. Mr. Pollock did not appeal that decision. The Sanfacons now argue that Mr. Pollock failed to exhaust his administrative remedies under § 7.5(A) of the East Montpelier Land Use and Development Regulations (Regulations), 10 V.S.A. § 8504(b)(1), and 24 V.S.A. § 4465(a) by failing to appeal the Selectboard's decision. In response, Mr. Pollock argues that the pending motion is not an appeal of the Selectboard's decision, but rather an independent request to enforce the Stipulated Agreement pursuant to 24 V.S.A. § 4470(b).

The Court agrees with Mr. Pollock that the Sanfacons' reliance on these administrative provisions is misplaced. Mr. Pollock's motion is not an action to contest a local zoning decision made by either the municipality's administrative officer or development review board, and is therefore, not bound by the time limits relevant to such matters. See 10 V.S.A. § 8504(b)(1) (establishing the time limit for an interested person to appeal an act or decision of a board of adjustment, planning commission, or a development review board to this Court); 24 V.S.A. § 4465 (establishing the procedure for appealing decisions of administrative officers to municipal panels); Regulations § 7.5 (establishing the procedure for appealing an act of decision by the Zoning Administrator to the DRB); 24 V.S.A. § 4471 (setting forth procedure for appealing decisions of municipal panels to the Environmental Court); id. § 4472 (providing that §§ 4465 and 4471 contain the exclusive remedies for interested persons seeking to contest administrative-officer, municipal-panel or Environmental–Court decisions). The decision the Sanfacons suggest that Mr. Pollock should have appealed was a decision of the Selectboard. As noted above, the time limits in the provisions relied on by the Sanfacons explicitly apply to acts or decisions of administrative bodies and not to acts or decisions of selectboards.

The relief Mr. Pollock seeks—the enforcement of a municipal-panel decision adopted as judicial order by this Court—is governed by 24 V.S.A. § 4470(b), which authorizes this motion in the absence of a direct appeal. See Sunset Cliff Homeowners Ass'n v. City of Burlington, 184 Vt. 533, 536 (2008) (homeowners association was not required to exhaust its administrative remedies before seeking enforcement of the city's denial of a permit application because the association was not contesting a local zoning decision, but rather seeking enforcement of a municipal panel decision.). For this reason, his motion is within this Court's jurisdiction. We therefore **DENY** the Sanfacons' motion to dismiss Mr. Pollock's motion to enforce.

As to Mr. Pollock's motion to enforce the Agreement, we consider it as a motion for contempt under 12 V.S.A. § 122. See Sunset Cliff Homeowners Ass'n v. City of Burlington, 2008 VT 56, ¶¶ 10–11, 184 Vt. 533 (mem.) (citing 24 V.S.A. § 4470(b)) (requiring the environmental division to enforce the decisions of municipal panels "upon petition, complaint or appeal or other means . . . by such municipality or any interested person by means of mandamus, injunction, process of contempt, or otherwise."); see also Norlund v. Van Nostrand, 2011 VT 79, ¶ 13, 190 Vt. 188 ("An action for judicial enforcement under § 4470 is a specialized procedural device to enforce court decisions . . . ."). Section 122 provides for the initiation of contempt proceedings against any party that violates a court order.

This Court's October 11, 2013 Stipulation of Settlement obligated the Sanfacons to satisfy certain conditions. In the pending motion, Mr. Pollock alleges that the Sanfacons have

2

failed to satisfy those conditions. He therefore asks the Court to find the Sanfacons in contempt of the Agreement. Mr. Pollock, however, fails to make any factual representations or provide any basis on which this Court could determine that the Sanfacons have failed to comply with the terms of the Agreement. A hearing is therefore necessary in the matter in order to provide the parties with the opportunity to present evidence supporting or refuting the factual bases of Mr. Pollock's motion. See the enclosed notice of hearing.

Electronically signed on June 23, 2015 at 11:10 AM pursuant to V.R.E.F. 7(d).

_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division


Notifications:
Stephen L. Cusick (ERN 3093), Attorney for Appellant John M. Sanfacon
Stephen L. Cusick (ERN 3093), Attorney for Appellant Phyllis Sanfacon
Paul S. Gillies (ERN 3786), Attorney for Interested Person William D. Pollock
Bruce Bjornlund (ERN 3923), Attorney for Interested Person Town of East Montpelier