Filed 03/14/25

VERMONT SUPERIOR COURT

Rutland Unit
83 Center St
Rutland VT  05701
802-775-4394
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 24-CV-03968

Nicholas MacAllister v State of Vermont

# DECISION ON THE MERITS

This is a Rule 74 appeal where the Appellant seeks review of the Department of Corrections ("DOC") decision to impose a two-year furlough interrupt.  The court held a hearing on February 4, 2024.  Appellant Nicholas MacAllister was represented by Attorney Marco Kushner and the Appellee was represented by Attorney Kimberly Johnson.  Appellant was the sole witness at the hearing.  Post-hearing memoranda were submitted by the Appellant on March 5, 2025 and by the Appellee on March 6, 2025.

## Facts

The court makes the following findings of fact based upon a preponderance of the evidence. Appellant is serving a sentence for a variety of offenses, including driving under the influence, violation of an abuse prevention order, violations of conditions of release, domestic assault, and obstruction of justice.  Agency Record, p. 1.  Appellant has a history of noncompliance with supervision conditions while on probation.  *Id.*  Appellant was placed on furlough in December 2023. Prior to his release, Appellant had been incarcerated for approximately 35 months.

Upon release, Appellant was prescribed and taking Paxil and Depakote.  Appellant did not have a prescription refill.  Appellant's primary care physician did not feel comfortable prescribing mental health medications, so he went to United Counseling Services ("UCS") in Bennington, Vermont. Appellant had to go back in February or March to redo an intake with UCS.  Between that intake and Appellant's reincarceration in August 2024, Appellant was on a wait list at UCS to see a clinician. Appellant did not seek mental health treatment from any other sources during this time.  Neither did Appellant reach out to his supervising officer for assistance in obtaining mental health services. Appellant did not follow up with his primary care physician to ask about medication or for a different referral.  In lieu of proper medication, Appellant chose to self-medicate with alcohol.  When Appellant is not properly medicated, he feels severe anxiety, impulsivity, and depression.

On August 26, 2024, Appellant was at his Pathways apartment with a friend, Mark McIntire. While visiting and playing guitar, Appellant observed someone outside.  Due to an altercation with an individual a week prior, Appellant grabbed a hammer, put on a mask, and ran outside.  Appellant grabbed the hammer "as a scare tactic."  The individual Appellant confronted on August 26, 2024 was not the individual he had an issue with the week prior, but rather the property manager, Peddie Jenkins. Appellant testified he didn't intent to harm anyone with the hammer and was acting to protect his

neighbors. Appellant does not deny he exited his apartment with a hammer with the intent to scare off the individual he saw. Pathways terminated his tenancy at his apartment as a result of this incident. *Id.* at 17.

On August 27, 2024, Appellant was returned to Marble Valley Regional Correctional Facility on a Notice of Suspension. *Id.* at 1, 5. The Notice of Suspension alleged four violations of Appellant's furlough conditions:

C01. I will not be cited or charged; I will not commit any act punishable by law.

C03. I will not engage in threatening, violent, or assaultive behavior

SC16. I will not purchase, possess, or consume illegal drugs and/or regulated drugs without a prescription from a licensed health care professional. I will submit to a drug screen or alcohol test as directed by my supervising officer, or designee.

SC21. I will refrain from the use of alcoholic beverages while on community supervision.

SC22. I will continue to reside at an approved residence while on supervision.

*Id.* at 5. A furlough violation hearing was scheduled for September 3, 2024 at 4:00 p.m. *Id.* at 6. Appellant requested Mr. McIntire attend the hearing, but was unable to provide a good telephone number. *Id.* at 5, 6.

DOC held the violation hearing on September 3, 2024. Appellant testified, however Appellant was not able to have Mr. McIntire testify as he did not answer the phone. *Id.* at 8. Appellant admitted to violating conditions SC 16 and SC 21. The hearing officer made the following findings of fact regarding the other conditions:

Condition 1- On August 24th you ran at Peddie Jenkins while holding a hammer, On 8/27/24 you tested positive for Amphetamine without a perscription. Condition 3 - On August 24th you ran at Peddie Jenkins with a hammer while wearing a mask after Jenkins informed you of his presence and you informed him you would be right down. Special condition 22 - On August 28th a "Notice of Termination of Tenancy for illegal Activit"y was issued from Pathways for acts of violence

*Id.* at 9. The hearing officer then referred the matter to a case staffing. *Id.*

A case staffing was held on September 25, 2024. *Id.* at 3. DOC determined that Appellant was high risk and that this was his first significant violation. *Id.* at 4. DOC revoked Appellant's furlough and imposed a one-year interrupt. *Id.* DOC applied the criteria of Policy 430.11, Response to Furlough Violations, and determined a one-year interrupt was appropriate because Appellant's behaviors posed a direct risk of danger to others. *Id.* DOC held a second case staffing on October 2, 2024 after the Central Staffing Committee ordered a new staffing be conducted. *Id.* At the second case staffing, DOC imposed a two-year interrupt based upon newly identified aggravating factors. *Id.* DOC cited the "Use of a weapon" and "Behavior in which the details support a longer return to a correctional facility in the interest of victim or public safety" as the aggravating factors that justified the longer interrupt. *Id.* DOC determined that Appellant engaged in a pattern of behavior such that his risk to reoffend could no longer be adequately controlled in the community. *Id.*

Standard of Review

"The appellant shall have the burden of proving by a preponderance of the evidence that the Department abused its discretion in imposing a furlough revocation or interruption for 90 days or longer pursuant to subsection (d) of this section." 28 V.S.A. § 724(c)(1). "Abuse of discretion occurs when that discretion is exercised on grounds or for reasons clearly untenable, or to an extent clearly unreasonable." *In re Halnon,* 174 Vt. 514, 517 (2002) (mem.).

Analysis

It is an abuse of discretion for DOC to interrupt furlough for more than 90 days for a technical violation[1] unless one of three circumstances are met. 28 V.S.A. § 724(d). These circumstances are:

(1) The offender's risk to reoffend can no longer be adequately controlled in the community, and no other method to control noncompliance is suitable.
(2) The violation or pattern of violations indicate the offender poses a danger to others.
(3) The offender's violation is absconding from community supervision furlough.

*Id.* Here, DOC is relying upon subsections (1) and (2). Appellant argues DOC abused its discretion because the record does not support the conclusion Appellant's risk to reoffend could no longer be controlled in the community and nor the conclusion that Appellant posed a danger to others.

The record adequately supports the conclusion of DOC that Appellant's violation indicates he posed a danger to others. Appellant did not dispute at the furlough violation hearing or when he testified in this appeal that on August 27, 2024 he exited his apartment with a weapon with the sole intent to threaten an individual. It does not matter that Appellant testified he did not intend to harm Mr. Jenkins. The issue is he went outside, with a mask, holding a weapon, with the sole intent to threaten another individual. That demonstrates he is a danger to others and DOC did not abuse its discretion in so finding.

Appellant also argues DOC failed to consider mitigating circumstances. Specifically, Appellant argues DOC failed to consider the role his mental health played in the violation. The court disagrees. First, it is not clear that Appellant raised this argument below. The court does not generally consider arguments not raised below. *See Hoover v. Hoover,* 171 Vt. 256, 258 (2000). Assuming it was properly raised, Appellant's argument is undercut by his history. Appellant refused to complete treatment practices with his prior probation officer and did not want to complete IOP or other treatments. Agency Record, p. 2. When he was released in December 2023, he made two intakes with United Counseling Services, but failed to follow through or seek any additional mental health services. He did not reach out to his supervising officer for assistance and instead chose to self-medicate. Given this history, it was not an abuse of discretion for DOC to interrupt Appellant's furlough for more than 90 days.

The court does find there was an abuse of discretion for DOC to impose a two-year interrupt for the violations after first determining a one-year interrupt was appropriate. The Agency Record is bereft of any explanation why the initial case staffing decision was overturned by the Central Staffing Committee. Without any explanation of the basis for that decision, the court cannot properly evaluate whether DOC abused its discretion. As noted by the Vermont Supreme Court:

---

[1] Technical violation is defined as "a violation of conditions of furlough that does not constitute a new crime." 28 V.S.A. § 722(4).

We have emphasized that decisions "arrived at without reference to any standards or principles [are] arbitrary and capricious; such ad-hoc decision-making denies [an] applicant due process of law." *In re Miserocchi,* 170 Vt. 320, 325, 749 A.2d 607, 611 (2000) (citation omitted). We have also been firm that "[a]dequate findings of fact are required, so that we may determine whether the sound discretion implicitly mandated by [a] statute was in fact exercised." *State v. Powers,* 136 Vt. 167, 169, 385 A.2d 1067, 1068 (1978).

*In re MVP Health Ins. Co.,* 2016 VT 111, ¶ 20. DOC's decision to have a second case staffing without providing a justification for that decision was arbitrary and capricious and was an abuse of discretion.

Order

The decision of DOC to revoke Appellant's furlough and impose a one-year interrupt is AFFIRMED. The decision of DOC to hold a second case staffing is REVERSED. The case is remanded to the Department to reimpose the interrupt consistent with the September 25, 2024 case staffing decision.

Electronically signed on March 14, 2025 pursuant to V.R.E.F. 9(d)

*Alexander N. Burke*
_____
Alexander N. Burke
Superior Court Judge

Electronically Signed Pursuant to V.R.E.F. 9(d)

*Dave Wolk*
_____
Dave Wolk
Assistant Judge
Vermont Judiciary