2011 VT 79

## Linda C. Nordlund v. Elizabeth M. Van Nostrand, Elizabeth M. Van Nostrand 2007 Trust, Mark L. Van Nostrand and Nancy A. Van Nostrand

[27 A.3d 340]

No. 10-283

Present: **Reiber, C.J., Dooley, Johnson, Skoglund and Burgess, JJ.**

Opinion Filed July 15, 2011

*Karl W. Neuse* and *Benjamin W. Putnam* of *Neuse, Duprey & Putnam, P.C.*, Middlebury, for Appellant.

*James C. Foley, Jr.* of *Deppman & Foley, P.C.*, Middlebury, for Appellees Elizabeth Van Nostrand and Elizabeth M. Van Nostrand 2007 Trust.

*Mark* and *Nancy Van Nostrand*, Pro Se, Salisbury, Appellees.

¶ 1. **Reiber, C.J.** Plaintiff appeals a grant of summary judgment by the Superior Court, Environmental Division (Environmental Court) in favor of defendants for lack of subject matter jurisdiction. We affirm.

¶ 2. Plaintiff, Linda Nordlund, owns a property (Nordlund parcel) on West Shore Road in Salisbury, Vermont. Defendant Elizabeth Van Nostrand (Van Nostrand) owns the abutting property (front parcel), which is also along West Shore Road. Defendants Mark and Nancy Van Nostrand (defendants) are Elizabeth Van Nostrand's son and daughter-in-law. They own a property (back parcel), which runs behind and is contiguous with both the

Nordlund and front parcels. The back parcel does not border a public road.

¶ 3. These parcels have been the subject of numerous proceedings. In a 2006 quiet title action, the superior court determined that the Nordlund parcel was burdened by an existing right-of-way benefiting the back parcel (Nordlund right-of-way), and this Court affirmed the decision in 2007. See *Nordlund v. Van Nostrand*, No. 2007-027 (Vt. Aug. 17, 2007) (unpub. mem.). The Nordlund right-of-way is approximately eighteen feet wide. Beginning at West Shore Road, it runs across the front parcel and continues over the northwest corner of the Nordlund parcel for about forty-four feet before reaching the back parcel.

¶ 4. In 2004, defendants applied for a zoning permit to build a house on the back parcel. The zoning administrator originally granted the permit, but plaintiff appealed the decision to the Town of Salisbury Development Review Board (DRB). The DRB reversed, finding that the Nordlund right-of-way did not meet Town of Salisbury Zoning Regulation § 502, which requires a fifty-foot-wide right-of-way in order to develop landlocked property. Defendants appealed the DRB's decision to the Environmental Court.

¶ 5. While that appeal was pending, defendants applied for a variance from the fifty-foot-minimum-width regulation. The DRB denied the variance application, and all three defendants appealed to the Environmental Court, which consolidated the variance appeal with the original zoning permit appeal. The Environmental Court granted the zoning permit based on a subdivision permit which had been obtained by defendants' predecessors-in-interest on April 4, 2000. As a consequence of this determination, the Environmental Court held that they had no need for a variance. Plaintiff appealed this determination, and this Court reversed, concluding that despite the subdivision permit, defendants were nevertheless required to demonstrate compliance with the zoning regulations. *In re Van Nostrand*, 2008 VT 77, ¶ 13, 184 Vt. 557, 957 A.2d 399 (mem.). We held that the Nordlund right-of-way did not comply with § 502 and remanded the question of whether to grant a variance to the Environmental Court. *Id.* ¶ 14.

¶ 6. On October 21, 2009, the Environmental Court denied defendants' request for a variance, finding that the Nordlund right-of-way failed to meet the requirements for a variance under 24 V.S.A. § 4469(a). Without variance approval, the Nordlund right-of-way remained too narrow to satisfy § 502 of the town's

zoning ordinance, and thus, the court denied a zoning permit based on this right-of-way. Defendants Mark and Nancy Van Nostrand did not appeal this decision.

¶ 7. However, prior to this determination, defendant Elizabeth Van Nostrand granted defendants Mark and Nancy Van Nostrand a fifty-foot-wide right-of-way (Van Nostrand right-of-way) across her property, the front parcel, which connects the back parcel to West Shore Road without crossing onto the Nordlund parcel. Defendants applied for a new zoning permit citing the Van Nostrand right-of-way as the means of complying with § 502. The DRB approved the permit on September 6, 2005, and defendants subsequently constructed a house on the back parcel.

¶ 8. The present action arises from what plaintiff claims is a misuse of the Nordlund right-of-way to access the now-completed home on the back parcel. It is uncontested that defendants and their guests use the Nordlund right-of-way to access the back parcel. Plaintiff contends that this use violates the prior zoning decisions which disallowed the right-of-way as a basis for development of the back parcel. Plaintiff brought a private zoning enforcement action under 24 V.S.A. § 4470(b) in the Environmental Court seeking an injunction restricting defendants' use of the Nordlund right-of-way to access their parcel and permission to erect a gate or signs along the Nordlund right-of-way to enforce the prior decisions. Defendants moved for summary judgment, claiming the Environmental Court lacked subject matter jurisdiction to hear this case. The Environmental Court agreed and granted the motion. Plaintiff appeals.

¶ 9. On appeal from summary judgment, "[w]e review the trial court's decision de novo, using the same standard as the trial court." *Clayton v. Unsworth*, 2010 VT 84, ¶ 15, 188 Vt. 432, 8 A.3d 1066. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, referred to in the [statements of material facts], show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law." V.R.C.P. 56(c)(3).

¶ 10. Plaintiff brought her claim as a private zoning enforcement action under 24 V.S.A. § 4470(b), which provides a means of enforcing prior court or municipal decisions. The Environmental Court found that this statute did not properly confer subject matter jurisdiction in the instant case because there was no

decision to enforce on the issue presented within the meaning of the statute. In relevant part 24 V.S.A. § 4470(b) reads:

> A municipality shall enforce all decisions of its appropriate municipal panels, and further, the superior court, or the environmental division shall enforce such decisions upon petition, complaint or appeal or other means in accordance with the laws of this state by such municipality or any interested person by means of mandamus, injunction, process of contempt, or otherwise.

¶ 11. This statute requires the Environmental Court, if adequately prompted, to enforce the decisions of municipal panels. The Environmental Court dismissed plaintiff's case because it could not find a decision within the orders that restricted defendants' access to the back parcel using the Nordlund right-of-way sufficient to provide jurisdiction under § 4470(b). On appeal, plaintiff argues that defendants are acting in contravention of two prior decisions in a manner sufficient to confer jurisdiction on the Environmental Court: (1) the Environmental Court's October 21, 2009 denial of defendants' building permit based on the Nordlund right-of-way; and (2) the DRB's 2005 decision to approve a building permit based on the Van Nostrand right-of-way.

¶ 12. Plaintiff does not contest the validity of the Nordlund right-of-way. Rather, she claims defendants' use of the Nordlund right-of-way is improper "to access the dwelling house on the back parcel" since it does not meet state and local width requirements. First, plaintiff argues the Environmental Court's October 21, 2009 order denying the variance and zoning permit for the back parcel, relying on the Nordlund right-of-way, implicitly restricts defendants' ability to use that right-of-way. The denial was based upon § 502 of the Salsbury Zoning Regulations, which mandates that "[no] land development may be permitted on lots which do not have either frontage on a public road or public waters or . . . access to such a road or waters by a permanent right-of-way or right-of-way at least fifty (50) feet in width." Town of Salsbury Zoning Regulations § 502 (2003). The order concluded the Nordlund right-of-way, at only eighteen feet wide, did not meet the criteria in § 502, and thus, no permit for development could be based upon it. However, the court's decision did not limit the scope of use of the Nordlund right-of-way, nor did it in any way invalidate it.

¶ 13. To find a right-of-way insufficient to support a zoning permit is not the same as finding it void for all purposes. The Environmental Court inquired only as to whether the Nordlund right-of-way met the requirements of § 502 in order to grant defendants a zoning permit. It performed no analysis as to the scope of this right-of-way. To hold that this decision implicitly includes a reduction in the scope of the right-of-way would deny defendants a hearing on the scope of their right-of-way. An action for judicial enforcement under § 4470 is a specialized procedural device to enforce court decisions, not the general law. A holding that this specialized device may be used to enforce general rights implicit in the law but outside the decision itself renders the section's purpose — to provide a means of enforcing decisions — moot and is duplicative of remedies already available.*

¶ 14. Plaintiff claims *Sunset Cliff Homeowners Ass'n v. City of Burlington* demonstrates that this Court has allowed the Environmental Court to assume jurisdiction under § 4470 in similar circumstances. 2008 VT 56, 184 Vt. 533, 955 A.2d 524 (mem.). However, in that case, the Environmental Court's enforcement prevented the landowners from continuing activities that a prior decision had squarely prohibited. A city development review board had denied a developer's application to build in part "because it concluded that developer's tree-retention plan was . . . inadequate under the City's subdivision regulations." *Id.* ¶ 5. The developer announced his intention to engage in cutting trees and clearing land despite this denial. A homeowners' association filed for a preliminary injunction through § 4470 based on the permit denial, and we held that § 4470 provided proper jurisdiction in that instance. *Id.* ¶ 11. Thus, in *Sunset Cliff,* the developer's permit was denied because his plan to clear trees did not conform to the zoning requirements, and the homeowners' association sued to stop him from clearing trees in contravention of the previous order. In the case before us, the Environmental Court's October 21, 2009 order denying defendants' building permit was based on the fact that this existing right-of-way was not wide enough to

---

* Furthermore, this Court does not presume jurisdiction when interpreting statutes of entities that did not exist at common law. See *Trybulski v. Bellows Falls Hydro-Elec. Corp.,* 112 Vt. 1, 7, 20 A.2d 117, 120 (1941) ("It is [an administrative] body exercising special and statutory powers not according to the course of the common law, as to which nothing will be presumed in favor of its jurisdiction.").

comport with zoning regulations. Had defendants ignored that order and begun building without obtaining the zoning-compliant Van Nostrand right-of-way, then this case would be on all fours with *Sunset Cliff* and plaintiff could bring a § 4470 action to enjoin the development. If, on the other hand, after a denial of the permit, defendants had decided to make use of the Nordlund right-of-way to access their property for a picnic twice a day — without ever having developed their property — plaintiff could not bring an action under § 4470 based on the permit decision because that decision in no way invalidated the use of the Nordlund right-of-way. *Sunset Cliff* is inapposite and lends no aid to plaintiff's argument.

¶ 15. Plaintiff also contends that because the Van Nostrand right-of-way provided the basis for the approval of the September 6, 2005 zoning permit, the permit decision implicitly forbids the use of the Nordlund right-of-way. Plaintiff relies on the language in both 24 V.S.A. § 4412(3) and Zoning Regulation § 502, alleging these preclude the use of any means of access other than the approved right-of-way. Section 4412(3) of Title 24 allows:

> [l]and development . . . on lots that do not have frontage either on a public road or public waters, provided that access through a permanent easement or right-of-way has been approved in accordance with standards and process specified in the bylaws. . . . Any permanent easement or right-of-way providing access to such a road or waters shall be at least 20 feet in width.

¶ 16. Thus, for development of a landlocked property, the statute requires a permanent right-of-way that conforms with the applicable municipal regulations. The back parcel was developed pursuant to such a right-of-way — the DRB-approved Van Nostrand right-of-way, which at fifty-feet wide met the requirements of Zoning Regulation § 502 and 24 V.S.A. § 4412(3). Plaintiff maintains that the latter portion of § 4412(3), requiring a twenty-foot width, applies to any and all rights-of-way to developed landlocked property. However, the proviso relates the twenty-foot requirement to the permanent right-of-way used as a basis for developing a landlocked parcel. The section sets a twenty foot minimum width for rights-of-way to an otherwise inaccessible property before there can be any development, independent of the local government's bylaws (or lack thereof). The statute is not

concerned with, much less does it invalidate, additional rights-of-way, which are not relied upon for development.

¶ 17. The Environmental Court lacks jurisdiction to consider the relief plaintiff pursues. Plaintiff has no private zoning enforcement action available to her because there is no violation of an existing zoning decision. The earlier 2005 decision of the DRB to approve the building permit for the back parcel did nothing to affect the validity of the Nordlund right-of-way — as plaintiff concedes here. In addition, the approval did not compel exclusive use of the Van Nostrand right-of-way to gain access to the back parcel. The Environmental Court has no jurisdiction because there is no violation of a zoning decision respecting defendants' property or use of the rights-of-way in question.

*Affirmed.*