State of Vermont
Superior Court—Environmental Division

=======================================================================
## ENTRY REGARDING MOTION
=======================================================================

**In re Losier Variance Application**                                   **Docket No. 79-4-08 Vtec**
**(Appeal from ZBA decision)**

Title: Motion to Enforce Judgment (Filing No. 9)

Filed: April 6, 2011

Filed By: William P. Neylon, Attorney for Appellee Town of Maidstone

Response in Opposition filed on 5/9/11 by Oliver L. Twombly, Attorney for Appellants/Applicants John and Paulette Losier

Reply filed on 5/23/11, and Supplemental Reply filed on 6/8/11, by William P. Neylon, Attorney for Appellee Town of Maidstone

___ Granted                         _X_ Denied                         ___ Other

The Town of Maidstone ("Town") has moved for enforcement of our July 13, 2010 Decision and accompanying Judgment Order denying a variance request by John and Paulette Losier ("Applicants") to exceed a height limitation established for the zoning district in which the Losiers' property lies. We must **DENY** this motion because the prior Judgment Order merely denied Applicants' requested variance and did not address the question of whether a zoning violation presently exists on their property.

The Court's July 13, 2010 Decision and Judgment Order concluded that Applicants were not entitled to a variance from the applicable zoning provisions. We were not asked and did not opine upon the question of whether a violation existed.[1] Our prior Order does not require Applicants to take any specific action. Rather, the proper vehicle for the Town to seek enforcement in this Court of an alleged ordinance violation is via an enforcement action, following the issuance of a notice of alleged zoning violation.[2] See 24 V.S.A. §§ 1974a(d), 4451(a), 4452.

The parties may find Nordlund v. Van Nostrand instructive on this point, as it presents circumstances similar to those here. See No. 42-3-10 Vtec (Vt. Super. Ct. Envtl. Div. July 7, 2010) (Durkin, J.), aff'd, 2011 VT 79. In Nordlund, Linda Nordlund sought to enforce, among other decisions, an Order of this Court that denied the Van Nostrands a variance from a right-of-way requirement they needed to satisfy in order to obtain a zoning permit for their to-be-developed parcel. Id., slip op. at 3. Ms. Nordlund argued that that the Court's denial of the Van Nostrands' variance application, in effect, prohibited them from using the right-of-way. Id. We explained, in dismissing the claim, that this was not

---

[1] The garage for which Applicants sought a variance from the 26 foot height limitation was constructed prior to their variance request. See In re Losier Variance Application, No. 79-4-08 Vtec, slip op. at 2–3, ¶¶ 7–10 (Vt. Super. Ct. Envtl. Div. July 13, 2010) (Durkin, J.).

[2] The Town asserts that it served Applicants with a notice of violation on July 6, 2007. See Town's Motion to Enforce Judgment, filed April 6, 2011. That may be the same notice of violation that this Court referenced in its prior Decision on Cross-Motions for Summary Judgment. See In re Losier Variance Application, No. 79-4-08 Vtec, slip op. at 3, ¶¶ 9–10 (Vt. Super. Ct. Envtl. Div. Jul. 13, 2010) (Durkin, J.). The Court noted that the Town had at that time not presented any evidence on "whether the Town took any action on the notice of violation." Id. at n.2. The Court has no knowledge of the Town filing an enforcement complaint based upon the July 6, 2007 notice of violation.

the case—the variance denial did not establish an enforceable ordinance violation, nor did it make any enforceable prohibitions concerning use of the right-of-way. Id., slip op. at 3–4. We stated that "there must be a decision, either from an appropriate municipal panel or this Court, specifically stating that [the Van Nostrands'] use is prohibited" in order for us to enforce any such a prohibition. Id., slip op. at 4. When Ms. Nordlund thereafter appealed, the Vermont Supreme Court affirmed our determination, stating that "[t]he Environmental Court lacks jurisdiction to consider the relief plaintiff pursues." Nordlund v. Van Nostrand, 2011 VT 79 ¶ 17.

Here, similarly, our prior Judgment Order denied Applicants' variance application, but does not establish an enforceable ordinance violation or provide an enforceable prohibition on Applicants' use of their land. Because plaintiff here seeks enforcement of a term that does not exist in our prior Order, we must **DENY** the Town's motion to enforce judgment.


_____          _____August 1, 2011_____
          Thomas S. Durkin, Judge                                         Date
================================================================================
Date copies sent to: _____                                 Clerk's Initials _____
Copies sent to:
   Oliver L. Twombly, Attorney for Appellants/Applicants John and Paulette Losier
   William P. Neylon, Attorney for Appellee Town of Maidstone
   Interested Person Brenda J. Tilton
   Interested Person Norman A. Vashaw