**State of Vermont**
**Superior Court—Environmental Division**

========================================================================
## E N T R Y   R E G A R D I N G   M O T I O N
========================================================================

**Town of Westford v. Linda Mathieu**                    **Docket No. 153-9-10 Vtec**
**(Municipal Enforcement Action)**

Title: Motion for Partial Summary Judgment (Filing Nos. 3 & 4)

Filed: March 19, 2012.

Filed By: Plaintiff, Town of Westford.

Reply in Opposition filed on April 16, 2012 by Defendant Linda Mathieu, together with a
 Cross-Motion for Summary Judgment, based upon equitable estoppel.

Response in Opposition to Cross-Motion for Summary Judgment filed on June 1, 2012 by
 Plaintiff, Town of Westford.

Sur-reply filed on June 21, 2012 by Defendant Linda Mathieu.

 _X_  Granted (as to Plaintiff Town's motion)     _X_ Denied (as to Defendant's motion)

        This matter concerns an enforcement action brought on behalf of the Town of Westford
("Town") against Linda Mathieu for causing or allowing the construction of a road across
property she owns that is intended to serve as access for property and one or more buildings on
a separate parcel of land owned by her husband, Richard Mathieu.  One or both of the Mathieus
are members of a Vermont limited liability company named Mathieu Properties, LLC that holds
title to a third adjoining parcel.  All three properties are located north of the Westford-Milton
Road and west of Vermont Route 128.  The Town has also initiated enforcement actions against
Mr. Mathieu (Town of Westford v. R. Mathieu, Docket No. 9-1-11 Vtec) and the LLC (Town of
Westford v. Mathieu Properties, LLC, Docket No. 28-2-12 Vtec).

        The record currently before us reveals several undisputed facts that are material to our
review of the pending motions.  The Mathieus first applied in 2008 for a permit to subdivide the
property that they now hold in their individual names and that of their LLC.  After that initial
approval, Mr. Mathieu applied for several amendments to their subdivision permit.  Mrs.
Mathieu's parcel is improved with a barn and mobile home that is accessed by a driveway from
the Westford-Milton Road.  Mr. Mathieu's property is improved with a home and one or more
barns and is accessed by a driveway off of "Mathieu Road."[1]  The LLC's property appears to be
improved with one or more commercial buildings; it is sometimes referred to in the record
before us as the "bus lot."

        In the course of approving an amendment to the initial subdivision application filed by
Mr. Mathieu to increase the building envelope on his parcel, the Town of Westford
Development Review Board ("DRB") conditioned its approval upon a requirement that "[a]ll

---

[1]  The record currently before us does not reveal whether Mathieu Road is a town or private road.  It
serves as access to Vermont Route 128.  Whether Mathieu Road is a public highway or private drive is not
material to the motions currently under consideration.

structures located on [Mr. Mathieu's] parcel shall solely be accessed by Mathieu Road."[2] Instead, the Mathieus constructed an access road to Mr. Mathieu's barn from the Westford-Milton Road, across the drive serving Mrs. Mathieu's property. The Mathieus constructed this access road without first obtaining a zoning permit or amendment to their pre-existing subdivision permit. The Town alleges that this un-permitted access road also crosses the LLC property.

On September 21, 2009, the Town of Westford Zoning Administrator ("ZA") served Mrs. Mathieu with a notice of alleged zoning violation ("NOV") which listed the alleged offense as "[c]onstruction of a road without [DRB] approval." The Town attached a copy of this NOV to its Complaint and labeled it Exhibit A. The ZA also noted in his NOV that fines may be assessed up to the statutory maximum ($100.00 per day) if the violation continues for more than seven days after issuance of the NOV. Id. The ZA also directed that Mrs. Mathieu must complete the "following corrective measures . . . no later than seven days from the date of this Notice[:] [c]ease use of road and apply for [DRB] approval for the road or remove road from the property and reclaim the area disturbed." Id.

Mrs. Mathieu first challenged the NOV by filing a timely appeal with the DRB. When the DRB affirmed the NOV and denied Mrs. Mathieu's request for a stay of the enforcement proceedings, Mrs. Mathieu, instead of appealing the DRB decision to this Court, sought to comply with the NOV by applying for a permit for the access road as constructed. The DRB denied that application, relying in part upon the prior permit condition that access to Mr. Mathieu's barn be from Mathieu Road, onto Route 128. Mrs. Mathieu then filed a timely appeal of that DRB denial with this Court, which was docketed as In re Mathieu Subdivision Permit Amendment, No. 108-7-10 Vtec. The Mathieus also filed a second subdivision permit amendment application, based upon an access road similar to that originally directed by the DRB.

Two months later, the Town filed this enforcement action. In the interim, Mr. Mathieu coordinated a site visit with municipal and state Agency of Transportation ("VTrans") officials. The VTrans officials advised that the new access road for Mr. Mathieu's property from the Westford-Milton Road would be safer than the access from Route 128. The Mathieus then withdrew their pending application and filed another application for approval of their access road as originally constructed. The DRB approved that application, but subject to nineteen enumerated conditions, including that the Mathieus make substantive improvements to the already-constructed access road and that "the driveway located off of Mathieu Road serving [Richard Mathieu's] Lot shall be removed and the area reclaimed and reseeded." In re: Mathieu Final Plat for Subdivision Amendment, Findings of Fact, Conclusions of Law & Order, at 3 (Town of Westford Dev. Review Bd. Aug. 31, 2011).

The parties' dispute has lingered for several years,[3] but they are to be commended in making some progress in resolving their dispute, in that the Mathieus have now secured a

---

[2]  In re: Mathieu Final Plat Amendment to an Approved 2-Lot for Subdivision, Findings of Fact, Conclusions of Law & Order, at 2, ¶3 (Westford Dev. Review Bd. Sept. 25, 2008).

[3]  The Court recognizes that it has contributed or at least consented to the tremendous amount of time that this and the other related actions have remained pending. The undersigned has only served as the judge assigned to these matters for several months and therefore does not have a clear understanding of the reasons for this prolonged time period. We will endeavor to assist the parties in bringing these matters to resolution expeditiously from this point forward.

permit for the access road they originally installed without a permit, although the permit approval is subject to nineteen conditions, including those requiring improvements to the access road and the removal of a previously-installed driveway. We understand that Defendant or her husband has completed the roadway improvements directed by the DRB conditional approval and that the ZA issued a Certificate of Occupancy on December 30, 2011, confirming their completion. See Affidavit of ZA Melissa Manka ¶ 21, filed June 7, 2012.[4]

The issues remaining for this Court to address include whether the NOV should be upheld (which Defendant vigorously disputes) and, if so, what fines (if any) should be imposed as a consequence of the zoning violation.

We first address Defendant's request that the Court enter partial summary judgment on her behalf, estopping the Town from claiming that the alleged zoning violation has occurred. Defendant bases her claim upon the doctrine of equitable estoppel, asserting that the Town caused her to rely upon its representations that if she, in her words, simply applied for an "as-built" permit for the access road, her zoning violation would be cured and no enforcement action would be pursued. Defendant further asserts that she relied, to her detriment, on the Town's representations when she decided not to pursue an appeal from the DRB's decision to uphold the NOV. The Town disputes that such promises were made to Defendant and asserts that because Defendant chose not to appeal the DRB's decision to uphold the NOV, Defendant is foreclosed from challenging that determination in these proceedings. See 24 V.S.A. § 4472(b) (failing to appeal a municipal land use determination bars "all interested persons affected . . . [from] contest[ing], either directly or indirectly, the [unappealed] decision . . . in any proceeding, including any proceeding to enforce" the provisions of Vermont's municipal and regional planning statutes and the municipal ordinances those statutory provisions authorize).

Although we are cautioned that equitable estoppel "is rarely invoked against [a] government[al]" entity,[5] we decline on the facts before us to rule out the possible applicability of Defendant's equitable estoppel claims. However, we decline to grant Defendant summary judgment, because the Town has provided a sufficient basis for us to conclude that the facts material to Defendant's equitable estoppel claims are disputed.

Whenever a dispute as to material facts has been established by the non-moving party, summary judgment must be denied and the parties must be allowed to proceed to trial. V.R.C.P. 56(c)(3); Nordlund v. Van Nostrand, 2011 VT 79, ¶ 9, 190 Vt. 188. Here, the Town has presented credible evidence, through the ZA's affidavit and her review of the record before the DRB, that the assurances upon which Defendant and her husband base their equitable estoppel claims were never made. More to the point, the assurances Defendant references are completely absent from the DRB's decision, which specifically upheld the NOV, denied Defendant's request that the enforcement action against her be stayed, and provided specific notice that anyone wishing to appeal the DRB decision must file their appeal within 30 days with this Court. In re: Mathieu Appeal of Admin. Officer Decision and Request for Stay of Enforcement, Findings of Fact & Decision, at 4 (Town of Westford Dev. Review Bd. Nov. 17, 2009), a copy of which the Town attached as Exhibit D to its Motion for Partial Summary

---

[4] ZA Manka qualified the Certificate of Occupancy for the roadway as "temporary." Id.

[5] In re Letourneau, 168 Vt. 539, 547 (1998) (quoting in part Agency of Nat'l Resources v. Godnick, 162 Vt. 588, 592 (1994)) (approving a claim of equitable estoppel against a government entity is only appropriate in the rare event that "the injustice that would ensue . . . sufficiently outweighs any effect upon [the governmental] interest or policy.").

Judgment.  Defendant concedes that she did not appeal the DRB's November 17, 2009 decision to uphold the NOV that the Town's pending Complaint is based upon.

We further note that Defendant's reliance upon the equitable estoppel doctrine appears misplaced, because even Defendant does not assert that the Town's purported representations caused her or her husband to construct the roadway across her property without first securing a permit.  Rather, Defendant's representations, vigorously disputed by the Town, appear more related to the question of whether fines should be imposed upon Defendant for the admitted zoning violation and, if so, in what amount per day and over what number of days.  Only a trial, or voluntary settlement by the parties, can resolve these questions and whether Defendant's claims of equitable estoppel should bar the imposition of fines.  Accordingly, we **DENY** Defendant's motion for summary judgment.

For similar reasons, we **GRANT** the Town's request that we enter summary judgment in its favor, solely upon the legal question of whether the zoning violation alleged by the ZA in her 2009 NOV occurred.  Defendant does not dispute that an access road was built across her property without the required permit and does not offer any facts that are legally sufficient to refute the legal impact of her decision to not appeal the DRB's decision to uphold the NOV, thereby rendering it final.

This matter and the related enforcement matters against Mr. Mathieu and Mathieu Properties, LLC appear ready for trial.  Therefore, the Court will conduct a pre-trial conference by telephone to discuss with the parties how long they anticipate it will take to complete the trial and when a trial may be scheduled.  Accordingly, we direct each party in each matter shall file with the Court by **Wednesday, October 24, 2012,** their estimate of the time needed for trial and unavailable dates for themselves, their witnesses, and attorneys during the month of **January, 2013**.  The Court will conduct a pre-trial conference, per the attached Notice of Hearing.

_____　　　　_____October 10, 2012_____
　　　　Thomas S. Durkin, Judge　　　　　　　　　　　　　　Date
==============================================================================
Date copies sent: _____　　　　　　　　　　　　Clerk's Initials: _____
Copies sent to:
　Attorney Amanda Lafferty for Plaintiff Town of Westford
　Attorneys Brian P. Monaghan and Annie Dwight for Defendant Linda Mathieu