STATE OF VERMONT

| | |
|---|---|
| SUPERIOR COURT | ENVIRONMENTAL DIVISION |
| Environmental Division Unit | Docket No. 59-5-19 Vtec |

| | |
|---|---|
| Capitol Plaza Act 250 | DECISION ON MOTIONS |

The present appeal is of Act 250 Permit #5W1591 issued by the District #5 Environmental Commission (District Commission) on May 2, 2019, to Capitol Plaza Corporation, the City of Montpelier, and the Mary Heney Trust for the construction of a five-story, 81-room hotel with an adjoining three-story parking garage containing 348 spaces (the Project). Les Blomberg, Daniel Costin, and Jeff Parker appealed the permit to this Court on May 12, 2019. Neighboring property owner Overlake Park, LLC, (Overlake) also appealed the permit on May 21, 2019. Capitol Plaza Corporation and the City of Montpelier (together, Applicants) cross-appealed on June 10, 2019.

Multiple motions are presently before the Court. Mr. Blomberg, Mr. Costin, Mr. Parker, and Overlake have filed motions for enlargement of time to file motions for party status. These parties have also filed motions for party status. Applicants have also moved to dismiss Mr. Blomberg's, Mr. Costin's, Mr. Parker's, and Overlake's appeals.

Mr. Blomberg, Mr. Costin, and Mr. Parker are collectively represented by James A. Dumont, Esq. Overlake is represented by David R. Bookchin, Esq. Applicants are represented by Joseph S. McLean, Esq., and David W. Rugh, Esq. The Vermont Natural Resources Board (NRB) is represented by Gregory J. Boulbol, Esq.

We first address the pending motions for enlargement of time to file a motion for party status. We then turn to the remaining issues.

I.       **Motion for Enlargement of Time**

An appellant challenging the denial of party status by a District Commission must assert their claim of status to this Court by a motion filed no later than the deadline for filing a statement of questions. V.R.E.C.P. 5(d)(2). A statement of questions must be filed within 21 days after the filing of an appellant's notice of appeal. V.R.E.C.P. 5(f). Failure to file a motion for party status

1

in an appeal in this Court is grounds for dismissal. In re Verizon Wireless Barton Act 250 Permit, No. 6-1-09 Vtec, slip op. at 7 (Vt. Envtl. Ct. Feb. 2, 2010) (Durkin, J.) (citations omitted).

The Court may extend the time for filing a motion upon a showing of excusable neglect. See V.R.C.P. 6(b)(1)(B).[1] When determining whether excusable neglect exists, we consider "'the danger of prejudice to the [nonmovant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" In re Laberge Shooting Range, 2018 VT 84, ¶ 14.

While the standard for excusable neglect may be flexible, ignorance of the law or inattention to detail rarely constitutes excusable neglect. In re Lund, 2004 VT 55, ¶ 5, 177 Vt. 465 (citing In re Town of Killington, 2003 VT 87A, ¶ 16, 176 Vt. 60; Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993)). We pay particular attention to whether the delay "was within the reasonable control of the movant." Town of Killington, 2003 VT 87A, ¶ 16. Further, the neglect or mistake of an attorney is attributable to the party he or she represents. Clark v. Baker, 2016 VT 42, ¶ 18, 201 Vt. 610.

With respect to Overlake, it was required to file its motion for party status by June 11, 2019. It filed its motion on June 12, 2019. Mr. Blomberg, Mr. Costin, and Mr. Parker were required to file their motions by June 3, 2019. Their motions were filed on June 12, 2019.

The crux of our assessment is the reason for the delay. The reasons for the failure to timely file the motions were within the control of the movants' attorneys. Overlake's motion

---

[1] Mr. Blomberg, Mr. Costin, and Mr. Parker argue that the excusable neglect standard is not applicable to the present matter, relying upon Ying Ji v. Heide. 2013 VT 81, 194 Vt. 586. In Ying Ji, the trial court dismissed a matter after a party failed to appear at a status conference. The party then moved for relief from the judgment and to reopen the case pursuant to V.R.C.P. 60(b)(1). The trial court denied the motion. The Vermont Supreme Court subsequently reversed on the grounds that the dismissal was effectively a default judgment. Id., ¶ 14. While noting that the reason for the party missing the conference would not meet the excusable neglect standard, the Supreme Court drew from case law applicable to setting aside default judgments as opposed to the excusable neglect standard. Id., ¶¶ 13—14.

The unique circumstances presented in Ying Ji are not present here. In this matter, the parties seek an allowance of additional time to file a motion for party status. While the denial of such an allowance may result in the dismissal of parties who did not otherwise retain party status at the completion of the District Commission process, we conclude that this is not a disproportionate sanction akin to a default judgment with no notice or opportunity to be heard before the dismissal. See Taft-Blakely v. Reinhart Foodservice, LLC, No. 2015-314, slip op. at 2—3 (Vt. June 2016) (mem.) (citing Ying Ji, 2013 VT 81, ¶¶ 6—9). Accordingly, the standards applied in Ying Ji are inapplicable here and we apply the excusable neglect standard.

2

was filed a single day late due to an illness in Attorney Bookchin's family. Mr. Blomberg's, Mr. Costin's, and Mr. Parker's motions were filed 9 days late based on the admitted forgetfulness of Attorney Dumont.

While this third factor is frequently the focus of the excusable neglect standard, we cannot ourselves neglect the other relevant factors. The facts of this matter give us reason to place weight upon other considerations as well. The motions were filed shortly after their deadlines, one day and nine days, respectively, and the delay has had little impact on the proceedings before the Court.[2] We also note that there is not an allegation that the delays were in bad faith.

Further, and critical to our pending analysis, Applicants do not appear to allege that they are prejudiced in any way by the delay. Such a showing in the present matter would be difficult, given the short duration of the delay and the nature of the appeals taken. Specifically, Both Overlake's and Mr. Blomberg, Mr. Costin, and Mr. Parker's appeals, and their respective Statements of Questions are almost wholly based on the denial of party status below.[3] Therefore, Applicants were on notice that party status concerns were going to be raised.

This Court has a preference for "resolving litigation on the merits, to the end that fairness and justice are served." Desjarlais v. Gilman, 143 Vt. 154, 158—59 (1983); see also Shahi v. Ascend Fin. Servs., Inc., 2006 VT 29, ¶ 3 n.*, 179 Vt. 434 (citing Dougherty v. Surgen, 147 Vt. 365, 366 (1986)).

Given the facts presented, especially the short length of the delay and its limited impact on the present proceedings, the lack of an allegation of bad faith, and the lack of an allegation of prejudice, as well as the fact that issues related to party status were raised in Overlake's and Mr.

---

[2] We note that the Court briefly discussed this matter in a status conference noticed for a separate matter pending before this Court on June 10, 2019. See In re Capitol Plaza Major Site Plan & 2-Lot Subdivision, Nos. 3-1-19 Vtec, 4-1-19 Vtec. The clients of attorneys Dumont, McLean, and Rugh are parties in those matters and participated in the conference. Attorney Bookchin did not participate in that conference as his client is not a party. At that time, the Court briefly noted that the pending motions for party status had not been filed. Attorney Dumont represented that such a motion would be forthcoming in the next 2 days and followed through accordingly. At the time of the hearing, Overlake's motion for party status was due the following day and Mr. Dumont's clients' motions were 7 days late.

[3] The exception to this being Mr. Blomberg's grant of partial party status under Criterion 5 below.

Blomberg's, Mr. Costin's and Mr. Parker's Statements of Questions, we **GRANT** the pending motions for extension of time.[4]

## II. Motions for Party Status

We now turn to the merits of the pending motions for party status.

Pursuant to 10 V.S.A. § 6085(c)(1)(E), party status is afforded to "any adjoining property owner or other person who has a particularized interest protected by this chapter that may be affected by an act or decision by a District Commission." At the initial stage of a proceeding, the party seeking status "need only show that there is a reasonable possibility that [its] particularized interests may be affected by a decision on the proposed project." In re Bennington Wal-Mart Demolition/Const. Permit, No. 158-10-11 Vtec, slip op. at 9—10 (Vt. Super. Ct. Envtl. Div. Apr. 24, 2012) (Walsh, J.) (citation omitted). "An interest is particularized if it is specific to the appellant rather than a general policy concern shared with the public." In re Hinesburg Hannaford Act 250 Permit, No. 113-8-14 Vtec, slip op. at 5 (Vt. Super. Ct. Envtl. Div. Feb. 4, 2015) (Walsh, J.) (citation omitted). Further, "the interest asserted must be . . . protected by the Act 250 Criterion for which the person seeks status." Id.

The District Commission makes a preliminary ruling on a person's claim for party status in an Act 250 hearing and then a final determination at the end of the hearing. 10 V.S.A. § 6085(c). As discussed above, in the initial stage of the proceeding, the party asserting status "need only show that there is a reasonable possibility that [its] particularized interests may be affected by a decision on the proposed project." Bennington Wal-Mart Demolition/Constr. Permit, No. 158-10-11 Vtec at 9–10 (Apr. 24, 2012) (citation omitted). Upon the reexamination of party status by the District Commission at the close of the hearing, however, the party must have demonstrated, not merely alleged, a reasonable possibility that its particularized interests were affected by the

---

[4] It is for this same reason that we **DENY** Applicants' motion to dismiss the pending appeals.

We further note that nothing in this decision lessens the threshold of the excusable neglect standard. Instead, this Court's decision is an equitable determination that applies the "elastic concept" in excusable neglect determinations. Killington, 2003 VT 87A, ¶ 16 (citing Pioneer, 207 U.S. at 392); see also Killington, 2003 VT 87A, ¶ 16 (citing Silivanch v. Celebrity Cruises, Inc., 333 F.3d 355, 370 (2d Cir. 2003); Canfield v. Van Atta Buick/GMC Truck, Inc., 127 F.3d 248, 250—51 (2d Cir. 1997), cert. denied, 522 U.S. 1117 (1998)) (noting that, even though Pioneer "ostensibly represents a modest liberalization" of the excusable neglect standard, the threshold remains high).

proposed project.  See, e.g., <u>Verizon Wireless Barton Act 250 Permit</u>, No. 6-1-09 Vtec at 3 (Feb. 2, 2010).  Without such a demonstration, party status is lost.  10 V.S.A. § 6085(c)(6).

Therefore, whether a person qualifies for party status is a question that continues throughout the Act 250 permit application review process.   Because our review of a District Commission decision on appeal is de novo, "we stand in the place of the District Commission and review anew the application presented below as if no proceeding had previously occurred."   <u>In re Big Spruce Rd. Act 250 Subdivision</u>, No. 95-5-09 Vtec, slip op. at 9 (Vt. Envtl. Ct. Apr. 21, 2010) (Durkin, J.).  Further, sitting in the District Commission's place, the Environmental Division applies the same standards applicable below, including the party status standards.  10 V.S.A. § 8504(h); V.R.E.C.P. 5(g).   Accordingly, this Court reconsiders initial party status determinations after evidence has been presented at trial.  10 V.S.A. § 6085(c)(6).  We note this to put the parties on notice that the determinations reached herein are preliminary party status determinations and a full demonstration of the alleged impacts is still required.

We address each party's' motion in turn with these standards in mind.

### a.  Overlake

Before the District Commission, Overlake sought party status under Criteria 5 and 7.  The District Commission denied status with respect to both Criterion.  Overlake presently moves for party status under Criterion 5 for traffic.

Overlake asserts that, because it has a deeded easement upon a portion of the Project, it is entitled to party status under Criterion 5.   Specifically, Overlake alleges that the Project "unlawfully relocates and narrows the width of [it's] easement in a manner preventing deliver[y] trucks, garbage trucks, and fuel oil trucks from accessing the southerly parking area located on [it's] parcel in violation of the deed easement."  Because of this, relocation and narrowing, it asserts that there will be resulting "undue traffic (and unsafe pedestrian) impacts on both the Trust property and on State Street in Montpelier."  Overlake further asserts that its fire and safety door, which exits onto the Project site, will unduly impact pedestrian and traffic safety because of the relocation of the easement on the Trust property.

Applicants assert that Overlake's allegations represent an attempt to resolve a private property rights issue that is outside the scope of the Court's jurisdiction. Therefore, they argue, the concerns Overlake raises do not give rise to standing under Criterion 5.

This Court is without jurisdiction to adjudicate private property rights. See In re Woodstock Cmty. Tr. & Hous. Vt. PRD, 2012 VT 87, ¶¶ 40—41, 192 Vt. 474. The Court's limited jurisdiction does not permit us to determine the scope or validity of easements, rights-of-way, or restrictive covenants. See Nordlund v. Van Nostrand, 2011 VT 79, ¶ 13, 190 Vt. 188 (confirming that this Court can evaluate a right-of-way's compliance with municipal regulations, but not its scope).

We conclude that Overlake's alleged interest does not give rise to party status under Criterion 5. Overlake's alleged interests are based in Project "unlawfully relocat[ing] and narrow[ing] of the width of Overlake's easement." This is a private property concern that is outside of this Court's jurisdiction and does not appear to be within the scope of the issues addressed by Crtierion 5. See 10 V.S.A. § 6086(a)(5) (requiring that a project "will not cause unreasonable congestion or unsafe conditions with respect to . . . means of transportation existing or proposed."). Overlake then goes on to state that the Project, because of the easement concerns, will cause unsafe and undue traffic impacts on State Street. It fails to show, however, how the alleged impacts to truck access will impact any particularized interest that Overlake has in State Street. We therefore conclude that Overlake fails to make a showing of a reasonable possibility that it's particularized interest may be affected by the Project with respect to unreasonable congestion or unsafe conditions with traffic.

While Overlake attempts to allege safety concerns will result from the Project's intrusion on its easement, Overlake is effectively asking the Court to determine the scope of the easement and whether the proposed project is in violation of the easement. We are without jurisdiction to adjudicate such issues. Having failed to allege any other particularized interest that would entitle it to party status under Criterion 5, we conclude that Overlake is not entitled to party status under Criterion 5.

Because this was the only Criterion for which Overlake requested party status, Overlake does not have status to participate in this appeal.

6

### b. Les Blomberg

Mr. Blomberg sought party status under Criteria 5, 8, and 9(K) before the District Commission. The District Commission denied him status as to Criteria 8 and 9(K). It granted status under Criterion 5. It is uncontested that his status was then limited with respect to Criterion 5. He moves for status in this appeal under each of these Criteria.

With respect to Criterion 5, Mr. Blomberg's office is adjacent to the Project site. As such, he asserts that he walks by the site multiple times a day and commutes to work by foot, bicycle, and car near to the site.

Applicants argue that Mr. Blomberg is not entitled to party status based on his status as an employee of an entity that rents office space adjacent to the Project site. They assert that Mr. Blomberg cannot raise issues related to impacts to the office in his individual capacity. Essentially, Applicants assert that only the organizational tenant that Mr. Blomberg works for or the owner of the building would have party status to raise the concerns Mr. Blomberg asserts here. Alternatively, Applicants argue that the impacts Mr. Blomberg raises related to Criterion 5 are speculative and not unique to him and that he does not use the Project site.

Criterion 5 requires that proposed development "will not cause unreasonable congestion or unsafe conditions with respect to the use of highways, waterways, railways, airports and airways, and other means of transportation existing or proposed." 10 V.S.A. § 6086(a)(5)(A). To receive party status under Criterion 5 "the relevant inquiry is whether the petitioner uses the roads that may be impacted by a project on a regular basis." In re Pion Sand & Gravel Pit, No. 245-12-07 Vtec, slip op. at 14 (Vt. Super. Ct. Envtl. Div. July 2, 2010) (Durkin, J.) (quoting Re: Pike Indus., Inc., No. 5R1415-EB, Mem. of Decision, at 2 (Vt. Envtl. Bd. Nov. 19, 2004)).

Mr. Blomberg has demonstrated that he regularly uses the roads and sidewalks that may be impacted by the proposed development because he works in an adjacent building. He additionally alleges that he uses the related roads and existing paths for recreation (Recreation Path).[5] The fact that he is an employee that works within the building, not the fee owner or

---

[5] Applicants point out that there is a portion of the Project that will provide access, which is not yet built, to the existing Recreation Path. To the extent Mr. Blomberg argues that he has standing under Criterion 5 as a prospective user of this access route, such an argument is unfounded. However, Mr. Blomberg has sufficiently

7

lessee of the building, does not impact this conclusion or negate his regular use of the surrounding roads. Mr. Blomberg has alleged that there is a reasonable possibility that his interests may be impacted by the Project because of the potential for increased traffic and other traffic-related concerns. At this stage in the proceedings, that is sufficient. We therefore conclude that Mr. Blomberg is entitled to party status under Criterion 5.[6]

We next turn to Mr. Blomberg's motion for status under Criterion 8, historic sites. Mr. Blomberg asserts that he has a particularized interest in the historic sites of Montpelier. He bases this on the time he has volunteered to help preserve historic city buildings as well as his enjoyment of these sites generally. He further states that his office has views of the Montpelier Historic District in which the Project is located, which he enjoys while at work and on his commute.

Applicants disagree. They argue that the alleged impacts are not particularized to Mr. Blomberg and are highly speculative. Therefore, they assert, he is not entitled to party status under Criterion 8.

Criterion 8 provides that prior to approving a project, the district commission must find that the development "[w]ill not have an undue adverse effect on the scenic or natural beauty of the area, aesthetics, historic sites or rare and irreplaceable natural areas." 10 V.S.A. § 6086(a)(8). "Standing may be conferred where a plaintiff establishes that they 'use' the area that may be affected and will therefore 'directly' experience an alleged lessening of the 'aesthetic and recreational values' of the area." In re Zaremba Grp. Act 250 Permit Appeal, No. 36-3-13 Vtec, slip op. at 26 (Vt. Super. Ct. Envtl. Div. Feb. 14, 2014) (Walsh, J) (citing Sierra Club v. Morton, 405 U.S. 727, 735 (1972); Lujan v. Defenders of Wildlife, 504 U.S. 555, 562—63 (1992)). It will suffice if the harm affects the "recreational or even the mere esthetic interests of the [appellant]." Summers v. Earth Island Inst., 555 U.S. 488, 494 (2009) (suggesting that allegations that a member of the plaintiff-organization had visited the subject site, had imminent plans to do so in

---

alleged that he is a regular user of the Recreation Path and that the path may be impacted by the Project. This is in addition to his use of the roads that may be impacted by the Project.

[6] We decline to limit Mr. Blomberg's party status as the District Commission did below. Mr. Blomberg's status on this Criterion is limited, however, by the general principle that he may not raise issues on behalf of others. It is for this reason that we need not address the merits of Applicants' arguments regarding the impacts Mr. Blomberg alleges from delivery vehicles.

the future, and would experience harm to his viewing of flora and fauna would have been sufficient for standing); see also In re Champlain Marina, Inc., Dock Expansion, No. 28-2-09 Vtec, slip op. at 6 (Vt. Envtl. Ct. July 31, 2009) (Durkin, J.).[7]

Mr. Blomberg has alleged that he has a unique interest in the Montpelier Historic District. He enjoys the historical characteristics of the Historical District both as a commuter and resident during his walks and bike rides. He has alleged that the new development will be at odds with these historical characteristics. At this point in the proceedings, we conclude that Mr. Blomberg has alleged a reasonable possibility that his interest in the historical sites of the district may be impacted by the Project. This is adequate to confer party status under the historical sites aspect of Criterion 8 at this time. We therefore conclude that Mr. Blomberg is entitled to preliminary party status under this Criterion.

Finally, Mr. Blomberg moves for party status under Criterion 9(K), public investments. He asserts that he has shown a reasonable possibility that the Project will materially interfere with his use or enjoyment of the existing Historic District and Recreational Path. He does not move for party status with respect to issues related to public investment in roads or highways.

Applicants assert that the concerns he raises on these issues are not particularized such that he is not entitled to party status under Criterion 9(K). The NRB has also filed a response opposing Mr. Blomberg's motion with respect to this Criterion. The NRB asserts that the concerns that Mr. Blomberg raises are better analyzed under other Criteria and, therefore, he is not entitled to status under Criterion 9(K).

Mr. Blomberg's filings address his standing under both Criteria 8 and 9(K) in tandem. In effect, he asserts that, because the Historic District and the Recreational Path are publicly owned, he is entitled to party status under Criterion 9(K) as well as Criterion 8.

With respect to the Historic District, we conclude that the issues Mr. Blomberg raises are better analyzed under Criterion 8, not Criterion 9(K). As such, he is not entitled to party status under 9(K) for those alleged impacts. The Court has noted that there is a basic principle that each

---

[7] We note that this case law has been cited when analyzing whether a party has standing pursuant to the "aesthetic" aspect of Criterion 8. The parties have not directed us to, nor can the Court find, case law specifically addressing standing under the "historic sites" aspect of Criterion 8. However, the above-cited precedent is helpful in guiding our present analysis.

criterion sets specific parameters that refine the generally applicable party status requirements. See In re Verizon Wireless Barton Permit, 2010 VT 62, ¶ 7, 188 Vt. 262 (quoting Garzon v. Stowe Bd. of Adjustment, 144 Vt. 298, 302 (1984)). While it may be true that the Historic District is publicly owned, the impacts Mr. Blomberg alleges are better evaluated under Criterion 8; to conclude otherwise would make the distinction between these Criteria superfluous. See State of Vt. Agency of Nat. Res. v. Parkway Cleaners, 2019 VT 21, ¶ 24 (citations omitted) (construing a statute to avoid rendering some language mere surplusage). This is because historic sites are specifically addressed under Criterion 8, not Criterion 9(K). Therefore, we conclude that Mr. Blomberg is not entitled to party status under Criterion 9(K) based on impacts to historic sites.

We next turn to Mr. Blomberg's assertion that he is entitled to party status based on alleged impacts to the Recreation Path. Criterion 9(K) directs the granting of a permit for development on or adjacent to public lands upon a demonstration that the development "will not unnecessarily or unreasonably endanger the public or quasi-public investment" in the lands or "materially jeopardize or interfere with the function, efficiency, or safety of, or the public's use or enjoyment of or access to" the lands. 10 V.S.A. § 6086(a)(9)(K). This Criterion "seeks to protect state and local governments from adverse fiscal impacts on public facilities and investments that are adjacent to the proposed project." Re: St. Albans Grp. & Wal-Mart Stores, Inc., No. 6F0471-EB, Mem. of Decision, at 9 (Vt. Envtl. Bd. Apr. 15, 1994).

Mr. Blomberg raises no concerns with respect to impacts on the Recreational Path other than those impacts he alleges related to his claim for status under Criterion 5. Criteria 5 and 9(K) are often considered together. See In re Pittsford Enters., No. 1R0877-EB, Findings of Fact, Conclusions of Law, and Order, at 36 (Vt. Envtl. Bd. Dec. 31, 2002). Criterion 9(K) requires a person seeking party status to allege a higher showing of an impact to the to their interests, beyond the showing required under Criterion 5. In re N.E. Materials Grp., LLC, Amended Permit, No. 35-3-13 Vtec, slip op. at 10 (Vt. Super. Ct. Envtl. Div. Aug. 21, 2013) (Walsh, J.) (citing Re: Van Sicklen Ltd. P'Ship, No. 4C1013R-EB, Mem. of Decision, at 8 (Vt. Envtl. Bd. June 8, 2001)).

The concerns Mr. Blomberg raises under Criterion 9(K) are the same as those he raises with respect to Criterion 5. Having raised no allegations of impacts to a site of public investment

beyond the safety concerns he raised with respect to Criterion 5 already, we conclude that he has failed to make an adequate showing to confer standing under Criterion 9(K).

For the above reasons, we conclude that Mr. Blomberg is entitled to preliminary party status under Criteria 5, for traffic, and 8, for historical sites. We conclude that he is not entitled to party status under Criterion 9(K).

### c. Daniel Costin

Mr. Costin sought and was denied party status under Criteria 5 and 9(K) before the District Commission. Presently, he seeks status under both Criteria.

With respect to Criteria 5, Mr. Costin asserts that he walks or bikes through the Project site several times a week. He asserts that the development will compel him to dismount his bike to ascend or descend stairs in order to reach locations near the proposed development or he will be required to bike on streets, which he asserts is more dangerous than bicycling on the Recreational Path. He argues that he should be allowed to address whether safe access and connections to adjacent facilities should be provided.

Applicants assert that Mr. Costin's allegations are general and not particularized to him. Further, it asserts that access will not be impacted and there will be enhanced and new connections to the Recreational Path.

As discussed above, "the relevant inquiry is whether the petitioner uses the roads that may be impacted by a project on a regular basis." Pion Sand & Gravel Pit, No. 245-12-07 Vtec at 14 (July 2, 2010) (quoting Pike Indus., No. 5R1415-EB at 2 (Nov. 19, 2004)).

Mr. Costin has alleged that he regularly uses the Recreational Path which the Project proposes to provide access to. He has alleged a reasonable possibility that there may be safety and access concerns with respect to the path. Therefore, he is entitled to preliminary party status under Criterion 5 but must make a showing of an actual impact to his interests at trial to retain final party status.

With respect to Criterion 9(K), Mr. Costin asserts that the proposed garage will diminish his enjoyment of the current Recreational Path because the Project site abuts the path and Applicants propose the construction of a large wall along the path. Applicants assert that this is not particular to him and is speculative.

11

Above, the Court addressed the relationship between Criteria 5 and 9(K). To the extent Mr. Costin repeats the safety or transportation concerns he offered for status under Criterion 5, such is not grounds for status under Criterion 9(K) without more.

Further, Mr. Costin raises concerns related to his prospective use of the section of the Recreation Path that will be constructed as part of the Project itself. He asserts that the Project will result in loss of enjoyment of his use of the Recreation Path as a whole and therefore he is entitled to party status under Criterion 9(K). Mr. Costin asserts impacts to a path he does not yet use. Therefore, his alleged impact is mere speculation. See Bennington Wal-Mart Demolition/Constr. Permit, No. 158-10-11 Vtec at 9 (Apr. 24, 2012) (citation omitted). Speculative interests are not grounds to confer party status. While it may be likely that Mr. Costin will use the portion of the Recreation Path that will be constructed in connection to the Project and will run by the large wall presently proposed, he does not presently, nor could he. Because Mr. Costin's offer in this respect is based in prospective use of a not-yet constructed bike path, we conclude that his both his alleged interest and impacts are speculative. Therefore, we further conclude that such concerns are not grounds for party status under Criterion 9(K).

For the above reasons, we conclude that Mr. Costin is entitled to preliminary party status under Criterion 5. We conclude he is not entitled to party status under Criterion 9(K).

**d. Jeff Parker**

Mr. Parker sought status under Criteria 1, 1(B), 1(D), and 4 before the District Commission. He was denied with respect to each Criteria. He presently moves for status under Criteria 1(D) and 1(E).

Criteria 1(D) addresses issues related to floodways. Criteria 1(E) addresses issues related to streams and requires that a proposed development on or adjacent to the banks of a stream will "maintain the natural condition of the stream, and will not endanger the health, safety, or welfare of the public or adjoining landowners" when feasible.[8]

---

[8] It does not appear that Mr. Parker ever moved for party status under Criterion 1(E) before the District Commission.

Mr. Parker asserts that he regularly uses the North Branch and Winooski River to kayak and walk with his dog for recreation. He asserts that the proposed garage will be subject to predictable flooding which will result in pollution in the rivers.

Applicants assert that Mr. Parker has not alleged a particularized interest. They assert that Mr. Parker has failed to identify where in the rivers he recreates or to show that he does so in close proximity to the Project. Further, they assert that if he recreates near his residence, he will not suffer any impacts because he lives upstream from the site. Therefore, Applicants assert, he has failed to allege any direct impact to his interests.

Mr. Parker has failed to demonstrate a nexus between the impacts alleged and his particularized interests. While he points out that pollution that occurs in a river does not remain at its source but disperses downstream, he never demonstrates that he uses the rivers at any location which may experience such pollution, even in response to Applicants' allegation of a lack of specificity. Mr. Parker appears to assert that if a party uses any portion of a river it is entitled to status to raise concerns regarding impacts that may be suffered in a completely different portion of the river that would not impact the party's use. Such is not the case.

We therefore conclude that Mr. Parker has failed to allege that there is a reasonable possibility that the proposed development will impact his interests and is not entitled to party status under Criteria 1(D) and 1(E).

### Conclusion

For the foregoing reasons, we **GRANT** Mr. Blomberg's, Mr. Costin's, Mr. Parker's, and Overlake's motions for enlargement of the time to file their respective motions for party status.

Regarding the merits of their motions for party status: we **DENY** Overlake's motion for party status under Criterion 5. This being the only Criterion Overlake moved for status under, and having received status under no other criteria, Overlake is **DISMISSED** from this matter.

We **GRANT** Mr. Blomberg's motion for party status under Criteria 5 and 8. We **DENY** his motion with respect to Criterion 9(K). The Court **GRANTS** Mr. Costin's motion with respect Criterion 5 and **DENY** his motion with respect to Criterion 9(K). Finally, we **DENY** Mr. Parker's

13

motion for party status under Criteria 1(D) and 1(E). Consequently, he is **DISMISSED** from this matter.

Electronically signed on August 1, 2019 at 11:45 AM pursuant to V.R.E.F. 7(d).

_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division