VERMONT SUPERIOR COURT
Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT  05401
802-951-1740
www.vermontjudiciary.org

Docket No. 21-ENV-00028



| True North Farm of Shelburne Bay, LLC, et al. |
| --- |

## ENTRY ORDER

Title:         Motion to Dismiss In Part Appellants' Statement of Questions (Motion: 1)

Filer:          Justin B. Barnard, Esq.

Filed Date:    May 21, 2021

Town of Shelburne's Motion to Join in and Adopt Motion to Dismiss in Part Appellants' Statement of Questions, filed on June 21, 2021, by Brian P. Monaghan, Esq.

Appellees' Memorandum in Opposition, filed on July 15, 2021, by Celeste C. Laramie, Esq.

Reply in Support of Motion, filed on July 27, 2024, Justin B. Barnard, Esq.

**The motion is GRANTED.**

This is an appeal of a decision of the Town of Shelburne (Town) Development Review Board (DRB) dated March 15, 2021 wherein the DRB denied an appeal filed by Edward McMahon and Frances Carr (together, Neighbors) of Permit No. B21-003, which authorized the relocation of a fence at property owned by True North Point of Shelburne Bay, LLC and True North Farm of Shelburne Bay, LLC (together, True North) on Sledrunner Road, Shelburne, Vermont (the Property).  This matter was stayed from June 2021 to September 2024 while a dispute regarding private property rights between True North and Neighbors was pending in the Civil Division.  The Civil Division matter is now complete, although an appeal to the Vermont Supreme Court is now pending.  This matter has returned to active status. Presently before the Court is True North's motion to dismiss Questions 1, 2, and 3 of Neighbors' Statement of Questions.[1]

### Legal Standard

Statements of Questions in the Environmental Division are subject to a motion to dismiss or clarify the questions therein.  V.R.E.C.P. 5(f).  With respect to motions to dismiss for lack of subject matter jurisdiction we follow the standards established by Vermont Rules of Civil Procedure

---

[1] The Town moves to join True North's motion pursuant to V.R.C.P. 10(c).  No party objects to the motion, and it is **GRANTED**.

(V.R.C.P.) Rule 12(b)(1), because the civil rules govern proceedings in this Court.  See V.R.E.C.P. 5(a)(2).  When considering Rule 12(b)(1) motions to dismiss, this Court accepts all uncontroverted factual allegations as true and construes them in the light most favorable to the nonmoving party. Rheaume v. Pallito, 2011 VT 72, ¶ 2, 190 Vt. 245.  We, therefore, provide deference to the Neighbors in reviewing the pending motion.

### Discussion

Questions 1 through 3 of the Statement of Questions ask:

> 1.      Is True North . . . entitled to approval of its permit application (the "2021 Permit") for construction of the fence set forth in the 2021 Permit (the "Fence") when the Fence burdens [Neighbors'] easement rights?
> 2.      Is True North entitled to approval of its 2021 Permit when the fence violates [Neighbors'] easement rights?
> 3.      Was it error for the [DRB] to refuse to consider [Neighbors'] easement rights when reviewing the 2021 Permit?

Statement of Questions (filed on May 5, 2021).

The Environmental Division is one of limited jurisdiction.  "The fact that the Environmental Division has authority to consider permit appeals does not authorize it to adjudicate private property disputes, such as the existence of easements." In re DJK, LLC WW & WS Permit, 2024 VT 34, ¶ 25. This jurisdictional limitation has been well settled.  In re Woodstock Cmty. Tr. & Hous. Vt. PRD, 2012 VT 87, ¶¶40—41, 192 Vt. 474; Norlund v. Van Nostrand, 2011 VT 79, ¶ 13, 190 Vt. 188; Blanche S. Marsh Inter Vivos Tr. v. McGillvray, 2013 VT 6, ¶¶ 19-22, 193 Vt. 320.[2]

It is not disputed that Questions 1 through 3 request consideration of the parties' private property rights.  Instead, Neighbors present a novel legal theory as to why the Court would retain jurisdiction over such claims.  Section 4302 of Title 24 sets forth the purpose of Chapter 117.  In part, it states that "[i]n implementing any regulatory power under this chapter, municipalities shall take care to protect the constitutional right of the people to acquire, possess, and protect property."  24 V.S.A. § 4302(a).  This general purpose statement of Chapter 117, requiring only that municipalities "take care to protect" constitutional property rights, by its plain language does not explicitly or implicitly

---

[2] Neighbors' motion attempts to distinguish Woodstock Cmty. Tr. and Marsh Inter Vivos Tr., as well as In re Wagner & Guay Permit, 2016 VT 96, and argues that these cases are narrower in scope than the pending action. Presumably such that this Court would retain jurisdiction over Questions 1 through 3.  While each case may present different factual or procedural circumstances giving rise to the underlying legal claims, these differences do not alter the jurisdictional limitations of this Court outlined within each decision.  This is further supported by the Vermont Supreme Court's recent decision in DJK, LLC, which restates that this Court's ability to hear permit appears "does not authorize" jurisdiction over private property disputes.  2024 VT at ¶ 25.

2

expand this Court's statutory jurisdiction so as to include Neighbors' private property claims. As such, the Court will not interpret § 4302 to alter the established jurisdiction of this Court. See In re Vermont Permanency Initiative, Inc. Denial, 2023 VT 65, ¶ 12 (setting forth the rules of statutory construction and noting that, in interpreting a statute, we are directed to implement the Legislative intent by looking at the plain meaning of the language therein) (citations omitted).

Again, this Court lacks jurisdiction over determinations of private property rights. Woodstock Cmty. Tr. & Hous. Vt. PRD, 2012 VT at ¶ 40. "The civil division, not the Environmental Division, has jurisdiction over such matters." DJK, LLC, 2024 VT at ¶ 25 (citing 4 V.S.A. § 31).[3]

## Conclusion

For these reasons, the Court lacks jurisdiction over Questions 1, 2 and 3. Thus, True North's motion is **GRANTED** and Questions 1, 2 and 3 are **DISMISSED**.

Electronically signed this 3rd day of October 2024 pursuant to V.R.E.F. 9(D).

Thomas G. Walsh, Judge
Superior Court, Environmental Division

---

[3] The Court notes that this conclusion is further supported by the procedural history of this case, along with the parties' related Civil Division action, now on appeal to the Vermont Supreme Court. Here, Neighbors appealed a DRB decision denying their appeal of a permit to this Court. The parties then agreed to stay this matter while the Civil Division dispute was pending. That matter concluded at the Superior Court level on July 31, 2024, with the Civil Division finding in favor of True North. True North Farm of Shelburne Bay, LLC v. McMahon et al., No. 21-CV-00187 (Vt. Super. Ct. Civ. Div. July 31, 2024) (Toor, J.). The at-issue Questions before the Court seek adjudication of the same issues presented to, and adjudicated by, the Civil Division: whether the fence burdens and/or violates Neighbors' rights pursuant to an easement. Neighbors sought and received a stay in this matter pending adjudication of those issues. Thus, by Neighbors own actions it appears they concede that the Civil Division is the proper court to determine the private property disputes between the parties.